Plaintiff, C.E. Lindsey, alleging that on December 10, 1943, his minor son, Malvin Bruce Lindsey, was seriously and permanently injured while acting in the scope of his employment with J.L. White who was engaged in a hazardous business within the meaning of the Louisiana Workmen's Compensation Law and who was employed by J.B. Moore, a trucking contractor, who in turn had contracted with W.G. Ray to do the oil hauling in which his said minor son was engaged, brought this suit on behalf of this minor son against J.L. White, J.B. Moore and W.G. Ray, praying for compensation at the rate of Twenty ($20) Dollars per week during disability not to exceed four hundred weeks, and Two Hundred Fifty ($250) Dollars for medical and hospital bills. By supplemental petition, W. G. Ray Drilling Company, Inc., and Maryland Casualty Company were made defendants and judgment was prayed for, in solido, against all defendants.
Defendant W. G. Ray Drilling Company, Inc., admitted its drilling operations in Mississippi as alleged, but contended that it contracted with J.B. Moore to haul this fuel oil to the well; that Moore contracted with J.L. White to do this hauling for Four ($4) Dollars per hour for the truck and driver, which was the price that Moore would have gotten from the Ray Company if he had used his own truck and driver; that White made all arrangements with Moore's office; that the said Moore undertook to perform this service in the same manner — as far as the Ray Company was concerned — as he did all its other hauling.
Defendant, Moore, alleged that at no time did he occupy the relationship of contractor or subcontractor in the arrangement by which plaintiff's son performed the hauling service for the Ray Company; that at all times he acted for W.G. Ray and the W. G. Ray Drilling Company, Inc., without remuneration and as an accommodation and favor and that he had no contractual relations whatsoever in the premises with either White, Lindsey, or the Ray Company; that he made no payments to Lindsey or White of any amounts and was in no way interested in the undertaking. In the alternative, and in the event he was held responsible, he prayed for an indemnifying judgment against White and the Ray Company and its insurer.
Defendant, Maryland Casualty Company, insurer of J.B. Moore, alleged substantially the same defense, and made the same alternative plea.
Defendant, J.L. White, admitted that Malvin Bruce Lindsey was sent to Mississippi, where the accident happened, with a truck owned by defendant, White, for the purpose of hauling fuel oil for the Ray Company, but contended that injury to said Lindsey occurred while he was working directly under the foreman of the Ray Company; that Lindsey, after taking White's truck to Mississippi, had placed himself under the complete control and direction of the foreman on the job for the Ray Company; that there was a change of masters and that defendant, White, was not responsible for compensation; that the above arrangements were made with Moore, who is a general hauling contractor and who represented to defendant, White, that he had a contract with the Ray Company to furnish trucks and drivers for the hauling of fuel oil in the State of Mississippi in connection with the Ray Company's drilling operations and that Moore agreed that the said truck would operate in Mississippi under Moore's permit to haul in that state and under Moore's insurance.
Defendant, White, in his answer alleged that the Fidelity and Casualty Company of New York carried workmen's compensation insurance in favor of the W. G. Ray Drilling Company, Inc., and prayed that it be made a party defendant, and in the event that White was cast in the suit, judgment be rendered in his favor and against Fidelity and Casualty Company of New York as well as the other defendants, in solido, for the same amount.
Exceptions of no cause or right of action were filed by all defendants. Minutes of Court show that on April 24, 1944, the exception on behalf of W.G. Ray individually was submitted and sustained although there is no signed judgment in the record. The others were overruled or referred to merits.
Each defendant denied liability and in the alternative asked for judgment in his favor and against the other defendants indemnifying him for such amounts as he might be condemned to pay to plaintiff.
All defendants seemed to agree that the injured employee was due compensation from the other defendants and each, either in pleadings or in open court, admitted the *Page 691 
injury and disability to plaintiff's minor son as alleged in the petition and that the proper amount of compensation was Twenty ($20) Dollars per week for four hundred weeks, as well as the Two Hundred Fifty ($250) Dollars for medical and hospital expenses. The evidence adduced therefore was principally on the question as to which, if any, of the defendants were responsible for this compensation and whether or not such as were held responsible were entitled to be indemnified by their co-defendants.
The District Court rendered judgment against all defendants jointly. An indemnifying judgment was rendered in favor of W. G. Ray Drilling Company, Inc., and its insurer, and against J.B. Moore, his insurer, and J.L. White, for a like sum; there was a similar judgment in favor of J.B. Moore and his insurer and against J.L. White. All other demands for indemnity were denied. Defendants were cast, in solido, for the costs.
J.B. Moore and his insurer, the Maryland Casualty Company asked for a "rehearing or new trial." After its refusal, these two defendants took a devolutive and suspensive appeal to this Court. Defendant, J.L. White, took a devolutive appeal. Defendants, W. G. Ray Drilling Company, Inc., and its insurer, the Fidelity and Casualty Company of New York, answered the appeal asking that the judgment be amended so as to make the indemnifying judgment against their three co-defendants, in solido. Plaintiff answered the appeal praying that the judgment of the District Court be amended by casting all defendants, in solido.
[1] The finding of the trial Judge that plaintiff's minor son was an employee of defendant, J.L. White, was plainly and clearly sustained by the evidence of all witnesses including the facts as testified to by the defendant, White, himself. Young Lindsey had worked for White in Louisiana for some weeks prior to the beginning of this job in Mississippi. White went with Lindsey to the location in Mississippi, purchased there a Mississippi truck license, left money with Lindsey for the expense of operating the truck and directed Lindsey to haul the fuel oil as he might be required by the Ray Company's agent; to get their signature on the time sheets and to mail these to White at Shreveport. White submitted these to J.B. Moore and the W. G. Ray Drilling Company, Inc., received payment and remitted to young Lindsey the amount of his wages at seventy-five (.75¢) cents per hour. His contention that young Lindsey ceased to be his employee because he took orders from the Ray Company's foreman as to where he should secure and deliver the oil is not well founded. As the primary employer he is entitled to no indemnifying judgment against his co-defendants.
[2] That the Ray Drilling Company was the principal undertaker of the work within the meaning of the Louisiana Workmen's Compensation Law, Dart's La. General Statutes, Par. 4396, Act No. 20 of 1914, § 6, as amended, was not seriously disputed and is plain from the evidence. As such, it is responsible to plaintiff and in turn entitled to indemnity from responsible subcontractors.
[3] The principal question for decision is whether J.B. Moore undertook the contract to haul the fuel oil and in turn employed J.L. White or whether J.B. Moore — as he and his insurer contend — simply acted as an accommodation party in bringing the Ray Company and J.L. White together and had no further responsibility in the premises.
A study of the evidence supports the trial Judge's finding that J.B. Moore did undertake the job of hauling this fuel oil on behalf of the Ray Company, and that White was employed by Moore. That this fuel oil item was handled without profit to Moore and with payment direct to White by the Ray Company is not inconsistent with holding Moore responsible as subcontractor under his general trucking contract with the Ray Company which amounted to as high as ten to fifteen thousand dollars per month. W.G. Ray testified that J.B. Moore agreed to do this hauling and to "carry it through his organization entirely." White testified that he was employed by Moore; that he informed Moore that he had no compensation insurance or permit to haul in Mississippi and that Moore told him that he would be operating under Moore's insurance and Moore's permit; that Moore gave him a piece of paper with the name of a lady in the State Highway office at Jackson, Mississippi, and told him that he should tell her that he was to operate in Mississippi under Moore's permit. He saw this lady and, on her advice, purchased a Mississippi truck license. After *Page 692 
the accident, when oil deliveries were not forthcoming and oil was needed, the Ray Company's agent contacted Moore's office and asked where the truck was and why oil deliveries had ceased. White used the Moore trucking tickets, submitted his original bill to J.B. Moore and the W. G. Ray Drilling Company, Inc., and this was paid by the Ray Company after the Moore bookkeeper had called and said it was a proper charge against the Ray Company and it would be simpler to have Ray make the payment direct.
W.G. Ray's testimony was that Moore had often called in other trucks, billing Ray for the actual cost and Moore "always carried them through his organization." J.B. Moore stated that it was not unusual for a trucking contractor to use other concerns to assist in carrying out a contract and to make no profit on that part of the contract which was sub-let; that to charge a profit under such conditions was not "according to Hoyle."
J.B. Moore called his own office manager but his testimony did not support Moore's contention of a separate and direct contract between White and the Ray Company. He said he heard Mr. Moore talk to Mr. Ray and agree to look for some one to haul the oil and later that Moore called Ray and told him "that he had been successful in getting a truck to haul the oil. He didn't say whose truck it was." Moore's own testimony, including that quoted below, made it fairly clear that White was working under Moore:
"We just hired Mr. White like we would hire anybody else, and we all taken it for granted that Mr. White had protection and he didn't."
"Mr. White came by the (Moore) office and we gave him instructions what to do * * *"
"I hired Mr. White to do the work."
We think that the judgment of the District Court is correct in holding J.B. Moore and his insurer liable.
[4] When several defendants are liable for the compensation due an injured employee, the obligation is in solido.
For the reasons assigned the judgment of the District Court is amended by making the judgment in favor of plaintiff and the judgment in favor of the W. G. Ray Drilling Company, Inc., and its insurer, the Fidelity and Casualty Company of New York, read "in solido." As amended the judgment appealed from is affirmed. Costs of the appeal to be paid by J.B. Moore and the Maryland Casualty Company.