244 So.2d 815

Douglas M. JONES

v.

SOUTHERN TUPELO LUMBER
COMPANY, Inc., et al.

No. 50586.

Feb. 24, 1971.

Franklin, Moore, Beychok & Cooper, James E. Moore, Baton Rouge, for defendants-appellants.

Ponder & Ponder, L. B. Ponder, Jr., Amite, Edward B. Dufreche, Ponchatoula, for plaintiff-appellee.

BARHAM, Justice.

Southern Tupelo Lumber Company, Inc., contracted with Billy Ray McKenzie to cut and haul certain timber for it. An injured employee of McKenzie, Douglas M. Jones, filed a workmen's compensation suit against McKenzie, Southern Tupelo, and its insurer. By supplemental petition Key Life Insurance Company was also made

defendant as the alleged workmen's compensation insurer of McKenzie.[1] Southern Tupelo as possible statutory employer and its insurer, Bituminous Casualty Corporation, filed a third party action against McKenzie, relying upon R.S. 23:1061 for a claim in indemnity.

The trial court gave judgment for the employee Jones against Southern Tupelo, Bituminous Casualty (its workmen's compensation carrier), Billy Ray McKenzie, and Key Life Insurance Company (McKenzie's insurer) in solido for workmen's compensation at the rate of $35.00 per week. Key Life Insurance Company, although cast in solido, was limited to its liability of $1000.00 medical and $2000.00 insurance.[2] The third party demand for indemnity was dismissed. On appeal the Court of Appeal, First Circuit, affirmed the trial court's judgment, with only an amendment limiting compensation recovery to 400 weeks. That court failed to pass upon or make mention of the third party demand against McKenzie. 233 So.2d 264. An application for rehearing calling attention to the specific issue of the third party demand was denied without comment by the Court of Appeal.

The defendants, third party plaintiffs, Southern Tupelo and Bituminous Casualty, applied for writs urging that the Court of Appeal erred in denying (by failing to pass upon) their third party action for indemnity against McKenzie after a positive finding by that court that McKenzie was a subcontractor of Southern Tupelo, "thereby making Southern Tupelo a statutory employer of plaintiff under the provisions of L.R.S. 23:1061". We directed writs to that court to review the issue raised by the third party demand for indemnity.

It is apparently now admitted by Southern Tupelo that it was a principal and that McKenzie was its contractor, as both terms are defined by R.S. 23:1061. We conclude as did the Court of Appeal that the record fully supports this position. The pertinent statutory law, R.S. 23:1061–1063, is found under Sub-part C of Part I of our Workmen's Compensation Law, R.S. 23:1021–1351. This subpart is titled "Liability of Principal to Employees of Independent Contractor" and is commonly referred to as "Section 6" (Section 6 of Act 85 of 1926 is the source of these statutes). R.S. 23:1061 provides:

"Where any person (in this section referred to as principal) undertakes to exe-

1. Plaintiff abandoned his claim against another defendant, Dendinger, Inc., after learning that this defendant was merely the owner of the property on which the timber was cut.

2. The claim against Key Life Insurance Company has been settled, and it is stipulated that the amount paid by that company would be credited to any liability of the other defendants to the plaintiff Jones.

cute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him * * *.

"Where the principal is liable to pay compensation under this Section, he shall be entitled to *indemnity* from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor." (Emphasis supplied.)

R.S. 23:1063 reads:

"A principal·contractor, when sued by an employee of a subcontractor or his dependent, may call that contractor, or any intermediate contractor or contractors, as a co-defendant, and the principal contractor shall be entitled to indemnity from his sub-contractor for compensation payments paid by the principal contractor on account of an accidental injury to the employee of the subcontractor."

We ·do riot understand why the Court of Appeal on original hearing, and particularly on application for rehearing, failed to render judgment on the third party action. R.S. 23:1061 is clear and concise. The record supports the affirmative conclusion that Southern Tupelo is a statutory principal-employer entitled to indemnification from the contractor and immediate employer, McKenzie, for any liability for which it is assessed as principal. The insurer of the principal, Bituminous Casualty, stands in the principal's shoes and is entitled to the same relief.

The courts below correctly cast all of the defendants solidarily, for when an employee is entitled to compensation and under R.S. 23:1061 or R.S. 23:1063 has sued the principal or the principal contractor together with the contractor or subcontractor, the liability of such defendants is solidary. The purpose of these statutes is to expand financial responsibility and to prevent the evasion of the workmen's compensation law by the principal's or the principal contractor's interposing between himself and the employee an impecunious contractor or subcontractor. Under these statutes the claimant is entitled to proceed against·the principal (or principal contractor) or the contractor (or subcontractor) or both as he chooses. The indemnification clauses, however, have the effect of finally imposing the loss of the principal or

principal contractor upon the claimant's immediate employer.[3]

It is now well settled under Code of Civil Procedure Article 1111 that either the principal (R.S. 23:1061) or the principal contractor (R.S. 23:1063), made defendant in a workmen's compensation suit, may bring a third party action in connection with the principal demand against intermediary contractors as well as against the final subcontractor who is the immediate employer of the plaintiff employee.[4]

The third party plaintiffs, Southern Tupelo and its insurer, are entitled to judgment against McKenzie, the contractor who was the immediate employer of the plaintiff Douglas Jones, for any and all workmen's compensation benefits paid by them to the plaintiff.

The judgment is reversed in part and amended. There is judgment in favor of Southern Tupelo Lumber Company, Inc., and Bituminous Casualty Corporation against Billy Ray McKenzie on the third party demand for all sums heretofore or hereafter paid by them to the plaintiff Douglas M. Jones under the judgment on the principal demand, with legal interest on such amounts from date of payment to the plaintiff until paid by the third party defendant Billy Ray McKenzie. As thus amended the judgment is affirmed. Costs in this court are cast against the third party defendant.

3. Cf. Stevens v. Mitchell, 234 La. 977, 102 So.2d 237. On rehearing at p. 241 this court, recognizing the right to indemnification of the principal and the insurer against the contractor, denied indemnification. However, this denial was founded upon the theory of estoppel because of the principal's breach of a contractual obligation or duty owed to the contractor, which was also a defense against the contractor's subrogee, his insurer.

4. Previously because R.S. 23:1061 failed to provide a call in warranty by the *principal* whereas R.S. 23:1063 did so provide for the principal *contractor*, the appellate courts had divided on whether the call in warranty was to be allowed to a principal. Lutz v. Long-Bell Lumber Sales Corporation (La.App. 1st Cir. 1934), 153 So. 319, did not allow a principal to use the call in warranty. Cf. Jones v. Louisiana Oil Refining Corporation (La.App. 2nd Cir. 1925), 3 La.App. 85; Lindsey v. White (La.App. 2nd Cir. 1945), 22 So.2d 689. See Malone, 10 La.L.Rev. 25, 42. Code of Civil Procedure Articles 1111 et seq. providing for the demand against third parties resolves this conflict.