MARVIN, Judge.
Defendant Spearsville contracted with Willie L. Andrews to cut and haul timber to its woodyard. Spearsville, which was self-insured, agreed with Willie L. Andrews to pay workmen’s compensation benefits to his employees who were injured and suffered disability under the law.
On June 22, 1970, Leroy Andrews, a son and employee of Willie L. Andrews, sustained such a disabling injury. Spearsville paid compensation and medical benefits as the law required through March 19, 1971, but discontinued payment when Leroy Andrews returned to work for a brief time during his convalescence.
Leroy Andrews brought a workmen’s compensation suit against Spearsville. Spearsville brought a third-party demand for indemnification against Willie L. Andrews. The lower court found Leroy Andrews entitled to workmen’s compensation benefits and rendered judgment against Spearsville on the main demand. On the third-party demand, Spearsville was granted judgment for indemnification of its liability against Willie L. Andrews as its contractor and the immediate employer of Leroy Andrews under R.S. 23:1061.[1] Willie L. Andrews appeals. We affirm.
Appellant relies on Stevens v. Mitchell, 234 La. 977, 102 So.2d 237 (1958) and Carpenter v. Madden, 90 So.2d 508 (La.App.2d Cir. 1956). In those cases the principal withheld or collected from the contractor funds for the express purpose of paying premiums and acquiring workmen’s compensation coverage on the employees of the contractor. Here, the agreement was nothing more than Spearsville’s recognition of its statutory liability under R.S. 23 :- 1061 to the employees of Willie L. Andrews. Spearsville told Andrews it did not have workmen’s compensation insurance and that it “handled” compensation and medical benefits itself. Andrews admitted that he did not have “it understood” that Spearsville was going to “deduct money” for workmen’s compensation coverage. The cases relied on by appellant are factually inapposite.
In Jones v. Tupelo Lbr. Co. Inc. et al., 257 La. 869, 244 So.2d 815 (1971), the court said the purpose of the principal-contractor indemnity statutes was to expand the liability to the injured employee and to prevent evasion of the workmen’s compensation law by a principal interposing an impecunious contractor between himself and a disabled employee of the contractor. The court said:
“The indemnification clauses, however, have the effect of finally imposing the loss of the principal or principal contrac *700 tor upon the claimant’s immediate employer.” ibid, 244 So.2d 817 (footnote omitted).
R.S. 23:1061 and 1063 are unambiguous in their terms, purpose and effect. In the absence of facts such as in Stevens and Carpenter holding the principal estopped to claim indemnity from the immediate employer, the statutes shall be applied as written. We hold the principal here entitled to indemnity.
At appellant’s cost, judgment is
AFFIRMED.

. “Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business, or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed. “Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.” (Emphasis supplied)
R.S. 23:1063 also provides for indemnity:
“A principal contractor, when sued by an employee of a subcontractor or his dependent, may call that contractor, or any intermediate contractor or contractors, as a co-defendant, and the principal contractor shall be entitled to indemnity from his subcontractor for compensation payments paid by the principal contractor on account of an accidental injury to the employee of the subcontractor.”