343 So.2d 1008 (1977)
Leroy ANDREWS
v.
SPEARSVILLE TIMBER COMPANY, INC.
No. 58555.
Supreme Court of Louisiana.
February 28, 1977.
Rehearing Denied April 7, 1977.
*1009 George M. Strickler, Jr., Kidd, Katz & Strickler, Monroe, for third party defendant-applicant.
Armand F. Rabun, Rabun & Post, Farmerville, for defendant-respondent.
DIXON, Justice.
We granted writs in this case on the application of Willie L. Andrews, a third party defendant in this workmen's compensation case.
Leroy Andrews was injured in the course of his employment by his father, Willie L. Andrews, in cutting and hauling pulpwood. Willie L. Andrews worked under a contractual arrangement with Spearsville Timber Company, Inc., whose president and principal stockholder was Bill G. Halley. When the injured Leroy Andrews filed suit against Spearsville Timber Company, Inc., that defendant impleaded Willie L. Andrews as a third party defendant, claiming indemnity from Willie Andrews for any sums Spearsville Timber Company, Inc. might be required to pay to Leroy Andrews.
Both the trial court and the Court of Appeal granted judgment in favor of Spearsville Timber Company, Inc. against Willie L. Andrews. 335 So.2d 698 (La. App.2d Cir. 1976).
The relationship of Spearsville Timber Company, Inc. to Willie L. Andrews, under R.S. 23:1061, was that of principal and contractor. Spearsville had contracted with Willie Andrews to cut and haul wood, which was a part of the business of Spearsville Timber Company, Inc., and even in the absence of contractual obligation, Spearsville was bound to pay Leroy Andrews, an employee of Willie Andrews, any compensation for which Willie would have been liable to Leroy. See Hart v. Richardson, 272 So.2d 316 (La.1973).
*1010 In the event the principal is obligated under the statute, R.S. 23:1061 further provides that the principal is entitled to indemnity from the contractor (the primary employer):
"Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor."
The words of the statute are clear, and in the absence of other agreements which may control the relationship between the principal and the contractor, the principal is clearly entitled to indemnity from the contractor for compensation benefits which the principal is required to pay under the provisions of R.S. 23:1061. See Jones v. Southern Tupelo Lumber Co., 257 La. 869, 244 So.2d 815 (1971).
However, if the contractual arrangement between the principal and the contractor is one in which the principal assumes an obligation inconsistent with his right to indemnity from the contractor, the statutory right of indemnity is not available to him. For example, in Stevens v. Mitchell, 234 La. 977, 102 So.2d 237 (1958), the principal led the contractor to believe that the principal would obtain workmen's compensation insurance for the employees of the contractor, and collected from the contractor insurance premiums for that purpose. After the death of one of the contractor's employees, the principal returned the premiums to the contractor. This court held that there was no right of indemnity in that situation, and cited with approval a similar case, Carpenter v. Madden, 90 So.2d 508 (La.App.2d Cir. 1956).
Bill Halley, the alter ego of Spearsville Timber Company, Inc., had been in the pulpwood and timber business for many years. He was a pulpwood dealer, buying and selling wood to International Paper Company. He regarded Willie Andrews as a good producer. Willie Andrews owned a truck and tools, and with the aid of other employees, cut and hauled pulpwood. Halley employed Willie to move the timber at a certain price per cord.
Halley's testimony about the arrangement he had with Willie Andrews is as follows:
"I said, `Willie I don't carry compensation. I said in the past I have handled all claims myself and I said I'll handle it on that basis.'"
Halley testified that he (or his corporation) personally agreed to pay workmen's compensation claims to Willie and his employees.
Before this agreement with Spearsville Timber Company, Inc., Willie Andrews had worked under an arrangement with Pioneer Wood Company, hauling wood by the cord with Pioneer Wood Company paying the workmen's compensation insurance. He understood that he and his crew were covered for workmen's compensation to the same extent as when he was employed by Pioneer Wood Company.
When Leroy Andrews broke his leg in the woods, Halley immediately began to pay him the maximum to which he was entitled under workmen's compensation, and paid the hospitalization and medical bills. The first payment was on July 3, 1970, in the amount of $49.00; payments continued in that amount through November 16, 1970, when Halley discovered that Leroy, who had not been released by the doctors, was working in the woods. At one time, while still on crutches, Leroy was driving a truck in the woods. On another occasion, Leroy was standing on top of a load of wood on a pulpwood truck, "topping it out." From November 23, 1970 through March 13, 1971 Halley paid Leroy $24.50 a week.
Mr. Halley was distressed that Leroy had prematurely returned to work, testifying that any work in the woods, even standing around a pulpwood operation, is fraught with danger. To emphasize his desire that Leroy not return to work prematurely, Halley reduced the weekly compensation payments by one-half.
*1011 When asked why he had undertaken to pay Leroy Andrews compensation at the time of his injury, Halley testified:
"Why did I pay it? I'll tell you the reason I paid the compensation. I am real conscious of my business and I protect it any way that I can and I knew that if I didn't pay this, Willie was going to quit working for me, because I had entered a verbal agreement with him. So to keep relationships as well as possible I set forth to pay it. This was my reason for paying it."
Halley further testified that he knew Willie Andrews understood that Halley was to pay workmen's compensation payments.
In the course of Leroy's disability, according to Halley, he received some checks from an insurance company. These checks were payments under a policy issued to the Andrews family, one which was completely unrelated to the association with Halley. Halley did not know why the checks had been sent to him by the insurance company. He turned them over to a member of the Andrews family, and never indicated that he thought he was entitled to reimbursement for compensation claims paid under this arrangement with Willie Andrews.
The contractual arrangement between Spearsville Timber Company, Inc. and Willie Andrews was clear. There was no misunderstanding by either party. Both understood that, as part of the arrangement, Willie Andrews not only would be paid according to the agreement, but that Halley would be responsible for all workmen's compensation claims. Leroy Andrews was paid, not merely because of the provisions of the workmen's compensation act. He was paid workmen's compensation by Spearsville Timber Company, Inc. because Halley had agreed with his employer to pay the workmen's compensation. The agreement clearly did not contemplate that Spearsville Timber Company, Inc. would be indemnified for compensation payments.
When the principal and the contractor agree that the burden of workmen's compensation payments is to be borne by the principal, it is implicit that the principal is not entitled to indemnity from the contractor under R.S. 23:1061.
The judgment of the Court of Appeal is reversed, and there is now judgment in favor of Willie L. Andrews and against Spearsville Timber Company, Inc. rejecting the third party demands of Spearsville Timber Company, Inc. against Willie L. Andrews, at the cost of Spearsville Timber Company, Inc.
DENNIS, J., dissents for the reasons assigned by the Court of Appeal.