CUTRER, Judge.
This suit was filed by Maryland Casualty Company against Dr. F. J. DeRouen, Jr., American Employers Insurance Company, Kirk E. Bollich, Donald Bollich and Rock-wood Insurance Company. The purpose of this suit was to recover workmen’s compensation benefits paid, or to be paid, to the survivors of Russell Gaspard who was killed on September 27, 1978, while combining soybeans. The plaintiff seeks indemnity or contribution from the defendants. The trial court rendered summary judgment dismissing plaintiff’s claim against Dr. De-Rouen and his insurer, American Employers Insurance Company (American). The plaintiff appeals. We affirm.
In our consideration of a motion for summary judgment we must keep in mind that LSA-C.C.P. art. 966 provides that a motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. Only when reasonable minds must inevitably concur, as a matter of law, on the facts before the court is a summary judgment warranted. Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976); Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir. 1980). Any doubts as to genuine issues of material fact are resolved against the granting of summary judgment and in favor of a trial on the merits. Clement v. Taylor, supra; Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963).
In support of the motion for summary judgment, the depositions of Dr. DeRouen, Steven Zaunbrecher and Kirk Bollich were introduced into evidence. No evidence was introduced in opposition to the motion.
The facts are not disputed. Dr. De-Rouen, a medical doctor, was the owner of 540 acres of land near Elton, Louisiana. In 1978, Dr. DeRouen orally leased the land to Donald. Bollich for the purpose of farming rice and soybeans. As consideration for the lease, Dr. DeRouen was to receive 40% of the proceeds from any rice harvested and sold and 20% of the funds from any soybeans harvested and sold. In addition to the land and water, Dr. DeRouen agreed to pay his percentage of the fertilizer, seed and costs for dispensing fertilizer by airplane. Dr. DeRouen played no part in the actual farming operations. Kirk Bollich, the son of Donald Bollich, attended to the farming operations on behalf of his father. Bollich made all decisions as to what to plant, time of planting, harvesting operations and sale of the rice or soybeans. Bol-lich furnished all the labor and machinery for such farming operations. Authority to hire and discharge labor rested completely with Bollich. The only connection that Dr. DeRouen had with the operations was to furnish the items set forth above. In return, he would receive his respective percentage of the funds of the crops sold. This type of lease arrangement (crop-sharing) is typical for rice and soybean farmers.
Near the farm operated by Bollich was a farm operated by Steven Zaunbrecher. It was common practice for the farmers in the area to assist each other in the harvesting of their crops. Such an arrangement existed between Bollich and Zaunbrecher. On September 27, 1978, Zaunbrecher sent a combine to assist Bollich in the harvesting of soybeans. Zaunbrecher assigned one of his employees, Russell Gaspard, to operate the machine. Gaspard was operating the combine on the Bollich farm when he was killed by becoming entangled in the auger of the combine.
Maryland Casualty Company (Maryland), the workmen’s compensation carrier for Zaunbrecher, began making compensation payments to the dependents of Gaspard. Maryland then filed this suit against the Bollichs, their insurer, Dr. DeRouen, and his insurer, American, seeking contribution or indemnity for the compensation- payments paid and to be paid.
The first contention of plaintiff in this appeal is that Gaspard was a “borrowed employee” of Dr. DeRouen and, as such, Dr. DeRouen and his insurer are liable for contribution or indemnity. The depositions clearly' reflect that Dr. DeRouen was a les *22 sor of Donald Bollich. Dr. DeRouen had no control over any labor used in the farming operations of Bollich. Dr. DeRouen furnished no funds for the payment of labor. He was a lessor, participating in the operation of the farm only to the extent of furnishing the land, water and his respective percentages of the costs of seed, fertilizer and distribution of fertilizer. Such a relationship does not categorize Dr. DeRouen as a direct employer of any labor used on the Bollich farm, nor does it make him a special employer of Gaspard at the time of the accident. The authority cited by plaintiff, which compels co-employers to bear their share of compensation payments, is inapplicable to Dr. DeRouen.
Plaintiff further contends, alternatively, that Dr. DeRouen derived a substantial economic benefit from the farming operations, therefore, Dr. DeRouen must be classified as a “statutory employer” (principal) of Gaspard under the provisions of LSA-R.S. 23:1061. This provision reads as follows:

“Where any person (in this section referred to as principal) undertakes to execute any work, which is a part of his trade, business or occupation or which he had contracted to perform, and contracts with any person (in this section referred to as contractor) for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him; and where compensation is claimed from, or proceedings are taken against, the principal, then, in the application of this Chapter reference to the principal shall be substituted for reference to the employer, except that the amount of compensation shall be calculated with reference to the earnings of the employee under the employer by whom he is immediately employed.

“Where the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.” (Emphasis added.)
In view of the provisions of the last paragraph set forth above, it is unnecessary for us to determine whether Dr. DeRouen was a “principal” within the meaning of this section. This statute specifically provides that in the event a person is declared to be a principal or statutory employer, and, as such, makes compensation payments, the principal shall have a cause of action for indemnity against any person with whom he contracts for the performance of work. In the case at hand, if Dr. DeRouen paid compensation payments to Gaspard’s dependents as a statutory employer, Dr. De-Rouen would have a cause of action for complete indemnity for such payments against Gaspard’s employer or co-employer. With such a statutory right of indemnity existing in favor of Dr. DeRouen, neither the employer nor co-employer of Gaspard would have any corresponding cause of action against Dr. DeRouen for contribution or indemnity. As a matter of law the motion for summary judgment must be granted in favor of Dr. DeRouen.
Having come to the conclusion that Dr. DeRouen has no liability for workmen’s compensation payments, it is unnecessary for us to determine whether American Employers Insurance Company provides coverage for Dr. DeRouen. The motion for summary judgment was correctly granted in favor of this defendant.
For the reasons assigned, the judgment of the trial court granting the motion for summary judgment filed by Dr. DeRotien and his insurer is affirmed. The suit is hereby remanded to the district court for further proceedings according to law. Plaintiff-appellant is to pay all costs of this appeal.
AFFIRMED AND REMANDED.