421 So.2d 300 (1982)
Johnny COLEMAN
v.
CROWN ZELLERBACH CORPORATION.
No. 15020.
Court of Appeal of Louisiana, First Circuit.
October 12, 1982.
*301 Byard Edwards, Jr., Ponchatoula, for plaintiff-appellee.
Iddo Pittman, Jr., Hammond, for defendant-appellant.
Before ELLIS, PONDER and SAVOIE, JJ.
SAVOIE, Judge.
This appeal stems from the trial court's award of workmen's compensation benefits to plaintiff-appellee, including penalties and attorney's fees.
Two issues are presented to the court: (1) is appellee's injury within the scope of workmen's compensation benefits, and (2) was defendant-appellant's refusal to pay such benefits arbitrary and capricious conduct sufficient to entitle appellee to an award of penalties and attorney's fees.
We amend and affirm.
This suit arose when appellant failed to pay workmen's compensation benefits to appellee following a work-related injury sustained on August 3, 1978. After first aid was administered, appellee was released to return to work. Asserting continual pain, appellee was x-rayed for possible additional injuries with negative results. Subsequent examination and treatment by a chiropractor indicated a pinched nerve.
Appellee failed to deliver a work excusal slip to defendant and was subsequently terminated for absenteeism. Suit was filed on September 8, 1978, less than sixty days after the accident. Defendant asserts its refusal to pay is based upon the statements of two examining physicians who stated that plaintiff was not disabled and could return to work.
Workmen's compensation benefits are provided for in L.S.A.-R.S. 23:1031. To effectuate the beneficent purpose of the statute, it must be given a liberal interpretation. Landreneau v. Liberty Mutual Insurance Company, 309 So.2d 283 (La.1975); Johnson v. Aetna Casualty & Surety Co., 387 So.2d 1340 (La.App. 1st Cir.1980), writ denied, 393 So.2d 746 (La.1980); Woodard v. J & M Seafood Restaurant, 413 So.2d 536 (La.App. 4th Cir.1982). A prerequisite to the award of workmen's compensation consists of three factual findings:
1. That a contract of employment existed as between the plaintiff and defendant;
2. That plaintiff was engaged in a hazardous occupation; and
3. That the plaintiff was injured while in the course and scope of his employment.

Castille v. Sibille, 342 So.2d 279 (La. App. 3rd Cir.1977).
The record clearly supports the trial court's findings that appellee was: (1) employed by appellant, (2) engaged in a hazardous occupation, and (3) injured while in the course and scope of his employment.
The only medical testimony presented at the trial was that of Dr. Gideon, a chiropractor, who treated appellee's injury. Dr. Faulkenberry, the initial examining physician, died prior to trial. A deposition of Dr. Lipscomb, to whom appellee had been referred by Dr. Faulkenberry, was not introduced into evidence at trial nor is it in conflict with Dr. Gideon's testimony. The trial court was not clearly wrong in accepting the unrebutted testimony of Dr. Gideon.
The trial court has much discretion in determining the amount and length of *302 workmen's compensation benefits to be awarded. Campbell v. Baker, Culpepper & Brunson, 382 So.2d 1046 (La.App. 2d Cir. 1980), writ denied, 385 So.2d 793 (La.1980); Bourgeois v. South Central Bell Telephone Company, 407 So.2d 1245 (La.App. 4th Cir. 1981). The trial court did not err as to its award.
An award of penalties and attorney's fees must, however, meet the statutory provisions of L.S.A.-R.S. 23:1201.2(A), which state:
"Any employer whose liability for claims arising under the provisions of this Chapter is not covered by insurance, shall pay the amount of any claim due under the provisions of this Chapter, within sixty days after receipt of written notice. Failure to make such payment within sixty days after receipt of notice, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the employer to a penalty, in addition to the amount of claim due, of 12% of the total amount of such claim.... together with all reasonable attorney's fees ..." (Emphasis added).
Plaintiff's burden is to provide his employer with written notice of his claim and to prove that the employer has been arbitrary and capricious in his failure to pay the benefits due. Thomas v. McInnis Bros. Construction, Inc., 401 So.2d 522 (La.App. 2nd Cir.1981), writ denied, 406 So.2d 608 (La.1981). Arbitrary and capricious conduct may be presumed when an employer fails to pay any compensation benefits within sixty days after written notice of such claim. An employer's good-faith defense will preclude such penalties and attorney's fees. Refusal to pay compensation benefits based on information that an injured employee is now fit to return to work is not arbitrary and capricious conduct, sufficient to justify an award of penalties and attorney's fees, even though subsequent events prove the conclusion of fitness to be an error. Jones v. Southern Tupelo Lumber Company, 233 So.2d 264 (La.App. 1st Cir.1970), reversed in part, and amended, and as amended, affirmed, 257 La. 869, 244 So.2d 815 (1971).
The record reflects that written notice of the demand for compensation required by statute was never given. Verbal notification, which appellee contends he gave, is insufficient. L.S.A.-R.S. 23:1201.2; Breaux v. Marine Electric and Reliance Insurance Company, 369 So.2d 196 (La.App. 3rd Cir.1979), writ denied, 371 So.2d 1344 (La.1979). Appellant was given written notice of such demand with the service of suit. Within the statutory sixty-day period, commenced with the filing of suit on September 8, 1978, appellants answered, asserting a denial of compensation benefits due appellee based on the medical conclusions of two examining physicians. This is a good-faith defense. See Jones, supra. The award of penalties and attorney's fees is unsupported by statute, jurisprudence or the record and is clearly wrong.
For the foregoing reasons, the judgment of the trial court is amended to delete the award of penalties and attorney's fees, and as amended, affirmed. Costs of this appeal are to be borne equally by appellant and appellee.
AMENDED AND AFFIRMED.