DENNIS, Justice,
dissenting.
I respectfully dissent.
The majority premises its holding on several factual conclusions which are highly dubious. That just over half of the total *440 expenditure for the project at which plaintiff was injured was carried on Exxon’s books as an expense of maintenance hardly makes the project “primarily an expense or maintenance job,” even if Exxon’s characterization of the project is relevant to our inquiry, which I question. More dubious is the conclusion that Exxon “was in the construction business,” merely because Exxon employees perform maintenance work and in a few, isolated past incidents have engaged in more substantial renovation or construction. Exxon certainly does not fit the traditional definition of a construction business, i.e., a business which contracts with others for the construction by it of structures, etc. Moreover, characterizing Exxon as engaging in the construction business does not further the policy behind La. R.S. 23:1061, which we have said includes the prevention of “evasion of the workmen’s compensation law by the principal’s or the principal contractor’s interposing between himself and the employee an impecunious contractor or subcontractor.” Jones v. Southern Tupelo Lumber Co., 257 La. 869, 244 So.2d 815 (1971); see also Cole v. Chevron Chem. Co. — Oronite Div., 477 F.2d 361 (5th Cir.1973); Wilson v. Werner Co., Inc., 393 So.2d 779 (La.App.2d Cir.1981). However,
The ordinary construction worker is adequately protected both by his own employment contract and the right to proceed against principals in that same business. There is no need to hold that construction is a part of ongoing business to protect him.
Malone & Johnson, 13 La. Civil Law Treatise, Workers’ Compensation (Supp.1984), § 94, p. 20.
Finally, I question the majority’s analysis, which allows it to conclude that the task being performed by the plaintiff at the time of his injury was an “incidental part of the contract, included as a matter of convenience.” We must scrutinize the project for which the defendant hired the plaintiff’s employer as a whole, rather than concentrating on the task performed by the plaintiff when injured, with the above discussed purpose of the statute in mind. When the plaintiff has a financially responsible employer, and it does not appear that the employer was hired by the defendant to avoid his own workers’ compensation responsibility with respect to his regular business, the performance by an employee of the contractor of a task incidental to the contract, which is arguably also performed in the scope of the defendant’s regular business, need not lead to a determination that the employee’s rights are governed by La.R.S. 23:1061. The particular facts will control the determination, but when, as here, the plaintiff’s task is not unrelated to the overall project for which the defendant hired the contractor, the statute should not apply.