WELCH, J.
 

 ^Defendant, Tangi Construction Company, Inc., (Tangi) appeals the denial of its cross-claim for indemnification against co-defendant B & N Roofing, Inc. We reverse and render judgment recognizing Tangi’s right to indemnification.
 

 BACKGROUND
 

 On December 13, 2006, Paul DeBourgh was working on a roof when he lost his balance and fell to the ground, sustaining numerous injuries as a result. At the time, Mr. DeBourgh was working for B & N Roofing, which had been engaged to install a roof on a home being constructed by Tangi.
 

 On April 5, 2007, Mr. DeBourgh filed this disputed claim for compensation in the Office of Workers’ Compensation (OWC) against Tangi and B & N Roofing. Tangi and B & N Roofing denied liability and filed cross-claims against each other. In its cross-claim, Tangi asserted that if it was found liable to pay benefits to Mr. DeBourgh, it was entitled to full indemnification for all amounts paid or to be paid pursuant to La. R.S. 23:1063. In its cross-claim and answer to Tangi’s cross-claim, B & N Roofing urged that it had been told by Tangi that B & N Roofing was covered by Tangi’s workers’ compensation insurance and relied on these representations. B & N Roofing sought damages resulting from Tangi’s alleged breach of contract and its failure to provide B & N Roofing with a defense, economic losses caused by Tangi’s failure to resolve Mr. DeBourgh’s claim, and expenses incurred in defending the main demand.
 

 Tangi and B & N Roofing sought to establish at trial that Mr. DeBourgh had been drinking prior to his fall and that Mr. DeBourgh committed fraud resulting in a forfeiture of his benefits. B & N Roofing also claimed that Mr. DeBourgh was an independent contractor rather than its employee. B & N Roofing did not present any evidence in support of its assertion that Tangi agreed to provide it with workers’ compensation coverage. There was no evidence that either B & N Roofing or
 
 *759
 
 Tangi had ever paid Mr. DeBourgh wage benefits, and while there was some testimony |sthat B & N Roofing may have paid for some of Mr. DeBourgh’s medications, there were no specifics as to the amounts paid.
 

 The workers’ compensation judge (WCJ) determined that the evidence showed there was a job related accident, the result of which Mr. DeBourgh suffered serious injuries preventing him from obtaining gainful employment for at least one year. The WCJ concluded that Mr. DeBourgh was an employee of B & N Roofing at the time of the accident and that Tangi was his statutory employer. The defenses raised by Tangi and B & N Roofing were rejected, and judgment was entered in favor of Mr. DeBourgh and against Tangi & B & N Roofing jointly, severally and in solido. Mr. DeBourgh was awarded indemnity benefits in the amount of $176.76 per week from December 20, 2006 through January 18, 2008, past and future medical benefits, $2,000.00 in penalties for the failure of Tangi and B & N Roofing to reasonably controvert the claim, and $5,000.00 in attorney fees. The WCJ also denied Tangi and B & N Roofing’s cross-claims, dismissing those claims with prejudice.
 

 Tangi appealed, contesting only the WCJ’s denial of its Section 1063 indemnification claim against B & N Roofing.
 

 DISCUSSION
 

 Tangi submits that the WCJ committed legal error in refusing to grant judgment in its favor for indemnification against B & N Roofing. We agree.
 

 Louisiana Revised Statutes 23:1063(A) provides that a principal contractor, when sued by an employee of a subcontractor, shall be entitled to indemnity from his subcontractor for compensation payments made by the principal contractor on account of accidental injury to the subcontractor’s employee. The WCJ determined that Tangi was Mr. DeBourgh’s statutory employer, B & N Roofing was Mr. DeB-ourgh’s direct employer, and they were solidarity liable for workers’ compensation benefits. Under similar circumstances, the Louisiana Supreme Court |4held that it was error to fail to render judgment in favor of a statutory principal-employer on its indemnification claim against a direct employer. In
 
 Jones v. Southern Tupelo Lumber Company,
 
 257 La. 869, 244 So.2d 815 (1971), the court held that pursuant to La. R.S. 23:1063, a statutory employer was entitled to judgment against the injured workers’ immediate employer for any and all workers’ compensation benefits paid by the statutory employer to the injured worker, and rendered judgment for all sums heretofore or hereafter paid by the statutory employer under the judgment on the principal demand.
 
 Jones,
 
 257 La. at 875-876, 244 So.2d at 817.
 

 The record shows that Tangi did not pay any compensation benefits to Mr. DeBourgh prior to the time the WCJ entered judgment dismissing Tangi’s cross-claim. Nevertheless, the WCJ should have recognized Tangi’s statutory right to indemnification from B & N Roofing for compensation payments made by Tangi to Mr. DeBourgh pursuant to the judgment rendered on the principal demand. Therefore, the WCJ’s dismissal of Tangi’s cross-claim against B & N Roofing must be reversed.
 
 [1]
 

 CONCLUSION
 

 For the foregoing reasons, judgment is entered in favor of Tangi Construction
 
 *760
 
 Company, Inc. against B & N Roofing for all compensation payments heretofore or hereafter paid by Tangi Construction Company, Inc., to plaintiff, Paul DeB-ourgh, under the judgment on the principal demand. All costs of this proceeding are assessed to B & N Roofing.
 

 REVERSED AND RENDERED.
 

 [1]
 

 . A settlement entered into between Mr. DeB-ourgh and Tangi after the entry of judgment in the OWC appears in the record. The OWC is the proper forum to determine the value of Tangi's indemnification claim and should the need arise, Tangi may seek a judgment setting the amount of its indemnification claim in the OWC.