CRAIN, J.
| ¿This is an appeal of a summary judgment dismissing a claim for contribution for workers’ compensation benefits paid by or on behalf of the plaintiffs. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
On June 27, 2009, Amouis R. Light (Light) was injured during the course and scope of his employment with Westgate, LLC (Westgate) while performing work undertaken pursuant to a contract between Westgate, as the subcontractor, and Eaton Corporation (Eaton) as the principal contractor. Westgate’s workers’ compensation insurer, The Gray Insurance Company (Gray), paid workers’ compensation benefits to Light as a result of the injuries he sustained in the accident.
Gray and Westgate initially sought to recover those benefits from Eaton by filing an intervention in a proceeding instituted by Light and his children against Eaton in the Eighteenth Judicial District Court in Iberville Parish, Louisiana (referred to hereinafter as the “Tort Suit”). However, in response to a motion for summary judgment filed on behalf of Eaton in the Tort Suit, the trial court in that case found that Eaton was the statutory employer of Light and, therefore, immune from liability for non-intentional torts. Accordingly, the claims filed by Light, Westgate and Gray against Eaton in the Tort Suit were dismissed by a judgment signed on March 9, 2011.[1]
Gray and Westgate then filed a “Petition for Contribution” on June 15, 2011 with the Office of Workers’ Compensation (OWC) against Eaton and ABC Insurance Company, the alleged but unknown workers’ compensation insurer of Eaton. Gray and Westgate asserted that Eaton, as the statutory | ¡¡employer of Light, was solidarity liable with Westgate and Gray for workers’ compensation benefits paid to Light pursuant to Louisiana Revised Statutes 23:1061.A(1); and, therefore, Eaton was indebted to Gray and Westgate for Eaton’s virile share of the payments as contribution among solidary obligors pursuant to Louisiana Civil Code article 1804. West-gate and Gray further alleged that Eaton’s virile share of the workers’ compensation liability was 100% because the negligence of Eaton, according to the petition, was the sole cause of the accident and injuries sustained by Light.
Eaton filed a motion for summary judgment and urged that any obligation of contribution owed by Eaton to Westgate and Gray terminated by confusion due to Louisiana Revised Statutes 23:1061.B, which vests Eaton, as the statutory employer, with a right of full indemnity against Westgate and Gray for any workers’ compensation liability Eaton owed to Light. Eaton further asserted that the summary judgment granted in the Tort Suit barred the present claim of contribu *240 tion under the doctrine of res judicata as set forth in Louisiana Revised Statutes 13:4231.
The workers’ compensation judge granted Eaton’s motion for summary judgment concluding that the Workers’ Compensation Act provides only Eaton with a right of indemnity from Westgate and Gray and, further, that Westgate and Gray could not seek contribution from Eaton based upon Eaton’s alleged fault because fault has no significance in workers’ compensation claims. The workers’ compensation judge signed a judgment dismissing all claims of Westgate and Gray on March 23, 2012. Westgate and Gray appealed the summary judgment and assigned as error ]4the dismissal of their claims “on the grounds that the OWCA did not have jurisdiction over the contribution claims presented in this matter.”[2]
LAW AND ANALYSIS
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. All Crane Rental of Georgia, Inc. v. Vincent, 10-0116 (La.App. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ. Pro. art. 966.B(2). Summary judgment is favored and designed to secure the just, speedy, and inexpensive determination of every action. La.Code Civ. Pro. art. 966.A(2).
Appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether a summary judgment is appropriate. All Crane, 47 So.3d at 1027. On a motion for summary judgment, the burden of proof is on the mover. La.Code Civ. Pro. art. 966.-C(2). If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion, the mover’s burden does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy |shis evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. La.Code Civ. Pro. art. 966 C(2); All Crane, 47 So.3d at 1027.
While Westgate and Gray assert that the workers’ compensation judge granted Eaton’s summary judgment on the basis of a lack of subject matter jurisdiction, our review of the record indicates that the summary judgment was granted based upon a finding that Gray and West-gate have no claim for contribution from Eaton. Nevertheless, the jurisdiction of the workers’ compensation judge to adjudicate claims of contribution between employers is expressly established by Louisiana Revised Statutes 23:1310.3.F which provides, in pertinent part:
*241 [T]he workers’ compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to ... cross-claims between employers or workers’ compensation insurers or self-insurance group funds for indemnification or contribution....
See also TIG Ins. Co. v. Louisiana Workers’ Compensation Corp., 04-2608 (La. App. 1 Cir. 6/10/05), 917 So.2d 26, writ denied, 95-1821 (La.1/27/06), 922 So.2d 553.
Pursuant to the legislative grant of original jurisdiction set forth in Louisiana Revised Statutes 23:1310.3.F, we find that the workers’ compensation judge had jurisdiction to adjudicate the claims by Westgate and Gray against Eaton.
Although Westgate and Gray confined their assignment of error to an issue of jurisdiction, which we find was not the basis of the summary judgment, the appellants did address at length the merits of the summary judgment in their brief and included, in general terms, the granting of the summary judgment in their Statement of the Issues Presented for Review. | ^Accordingly, we will conduct a de novo review of the granting of the summary judgment by the workers’ compensation judge. La.Code of Civ. Pro. art. 2164.
Louisiana Revised Statutes 23:1061.A(1) provides in pertinent part:
[T]he principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him....
As urged by Westgate and Gray, Sub-part 1061.A(1) does impose liability upon the statutory employer for workers’ compensation benefits owed to an injured employee under the circumstances set forth therein; however, Sub-part 1061.B creates a right of indemnity in favor of the statutory employer as follows:
When the principal is liable to pay compensation under this Section, he shall be entitled to indemnity from any person who independently of this Section would have been liable to pay compensation to the employee or his dependent, and shall have a cause of action therefor.
The Louisiana Supreme Court and this court have recognized the right of indemnity granted by Louisiana Revised Statutes 23:1061.B and 23:1063 to a statutory employer against the primary employer for liability to an injured employee. Jones v. Southern Tupelo Lumber Company, 251 La. 869, 244 So.2d 815 (1971); DeBourgh v. B & N Roofing, 09-0953 (La.App. 1 Cir. 12/23/09), 30 So.3d 757, 759.
In Jones, the supreme court explained: The purpose of these statutes is to expand financial responsibility and to prevent the evasion of the workmen’s compensation law by the principal’s or the principal contractor’s interposing between himself and the employee an impecunious contractor or subcontractor. Under these statutes the claimant is entitled to proceed against the principal (or principal contractor) or the contractor (or subcontractor) or both as he chooses. The ^indemnification clauses, however, have the effect of finally imposing the loss of the principal or principal contractor upon the claimant’s immediate employer.
Jones, 257 La. at 874-875, 244 So.2d at 817.
Similarly, in Crescent City Const., Inc. v. Camper, 03-1727 (La.App. 1 Cir. 12/30/04), 898 So.2d 408, this court observed:
*242 The insurer of the principal contractor is only secondarily liable and is entitled to a judgment against those who are primarily liable for any amount it is required to pay because of the failure of the primary obligor.
Crescent City Const., Inc., 898 So.2d at 414-415.
Westgate and Gray argue that the soli-dary obligation owed by the statutory employer and the primary employer for workers’ compensation benefits renders applicable Louisiana Civil Code article 1804 which creates a right of contribution whereby a solidary obligor who has “rendered the whole performance” may claim from the other obligors their “virile portion” of the indebtedness.
However, the grant of contribution in Article 1804 among solidary obli-gors cannot prevail over the right of indemnity granted to a statutory employer under the specific circumstances set forth in Louisiana Revised Statutes 23:1061. If there is a conflict between two statutes that deal with the same subject matter, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. Burge v. State, 10-2229 (La.2/11/11), 54 So.3d 1110, 1113; State v. Campbell, 03-3035 (La.7/6/04), 877 So.2d 112,118.
In Maryland Cas. Co. v. Bollich, 408 So.2d 20 (La.App. 3 Cir.1981), the Louisiana Third Circuit Court of Appeal considered a similar claim by an insurer of a primary employer seeking contribution from an alleged statutory employer for workers’ compensation benefits paid in ^connection with the accidental death of a farm worker. Although the defendant, Dr. DeRouen, denied that he was a statutory employer of the injured worker, the court determined that Dr. DeRouen would have no liability for contribution in light of the right of indemnity granted by Section 1061, explaining:
In view of the provisions of the last paragraph set forth above, it is unnecessary for us to determine whether Dr. DeRouen was a ‘principal’ within the meaning of this section. This statute specifically provides that in the event a person is declared to be a principal or statutory employer, and, as such, makes compensation payments, the principal shall have a cause of action for indemnity against any person with whom he contracts for the performance of work. In the case at hand, if Dr. DeRouen paid compensation payments to Gaspard’s dependents as a statutory employer, Dr. DeRouen would have a cause of action for complete indemnity for such payments against Gaspard’s employer or co-employer. With such a statutory right of indemnity existing in favor of Dr. DeRouen, neither the employer nor co-employer of Gaspard would have any corresponding cause of action against Dr. DeRouen for contribution or indemnity. As a matter of law the motion for summary judgment must be granted in favor of Dr. DeRouen.
Maryland Cas. Co., 408 So.2d at 22. See also H. Alston Johnson, III, Workers’ Compensation Law and Practice, § 129, 18 Louisiana Civil Law Treatise 280, fn. 4 (5th Ed.) (noting that a claim, for indemnity or contribution brought by the employer of the claimant or his insurer against a principal “is without merit”).
Westgate argues that this well established, statutory right of indemnity should not arise if Eaton was at fault for causing the accident and injuries sustained by Light. Relying upon jurisprudence addressing contractual indemnity clauses, Westgate urges that a right of indemnity for one’s own negligence must be speeifi- *243 eally set forth in unequivocal terms in the indemnity provision.
|flWe find the jurisprudence governing contractual indemnity clauses to be inapplicable to the interpretation of Louisiana Revised Statutes 23:1061.B and see no legal justification'to carve out a fault-based exception to the indemnity granted by the statute to a statutory employer. Section 1061 imposes liability, regardless of fault, upon a statutory employer for the payment of workers’ compensation benefits to an injured statutory employee. Given that the statutory employer’s liability under the section is not based upon fault, the corollary right of indemnity granted by the section to the statutory employer should likewise be independent of any fault on the part of the statutory employer. The statutory employer’s fault, if any, did not create its liability for compensation benefits, and the same party’s fault, if any, should not preclude its right of indemnity granted by Section 1061. This conclusion is consistent with the general purposes of the Workers’ Compensation Act where the “element of personal fault either disappears entirely or is subordinated to broader economic considerations.” H. Alston Johnson, III, Workers’ Compensation Law and Practice, § 32, 13 Louisiana Civil Law Treatise 39 (5th Ed.)
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge granting a summary judgment in favor of Eaton Corporation is affirmed. Costs of this appeal are assessed to Westgate, LLC and The Gray Insurance Company.
AFFIRMED.

. The judgment reserved all claims against Eaton for intentional acts.

. Westgate and Gray also state that they are appealing a judgment “denying appellants' motion for leave to file their response to Eaton’s supplemental brief”: however, that asserted basis for the appeal was not assigned as error, was not briefed, and is considered abandoned. La. Rules of Court, Uniform Rule 2-12.4.