[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 3, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14458

_____

D. C. Docket No. 05-80193-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO DELGADO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(October 3, 2007)**

Before ANDERSON and PRYOR, Circuit Judges, and ALBRITTON,* District
Judge.

PER CURIAM:

_____
*Honorable W. Harold Albritton, III, United States District Judge for the Middle District
of Alabama, sitting by designation.

Roberto Delgado appeals his convictions and sentence of 360 months of imprisonment for possession of a firearm and ammunition by a convicted felon, possession with intent to distribute cocaine, and carrying a firearm during and in relation to a drug trafficking crime. 18 U.S.C. §§ 922(g)(1) & 924(c)(1)(A)(I); 21 U.S.C. § 841(a)(1). Delgado argues that (1) there was no probable cause to support the traffic stop that led to his arrest and the search of his vehicle; (2) there is insufficient evidence to support his conviction for carrying a firearm "during and in relation to" a drug trafficking crime; and (3) the court should have instructed the jury on the lesser included offense of simple possession of cocaine. Delgado also argues that the district court erred when it denied him a reduction for acceptance of responsibility, see United States Sentencing Guidelines § 3E1.1 (Nov. 2005), erroneously classified him as a career offender, see id. § 4A1.2, and imposed an unreasonable sentence. We discuss each argument in turn and affirm the convictions and sentence.

The arresting officer had probable cause to stop Delgado's car because he had reason to believe at least two traffic violations—illegal window tinting and unilluminated license tag—had occurred. Whren v. United States, 517 U.S. 806, 810, 116 S. Ct. 1769, 1772 (1996). Because probable cause existed to stop the vehicle, the officer lawfully ordered Delgado out of the car, confiscated the firearm

2

Delgado carried in plain view, investigated Delgado's driver's license, and performed a protective search of both driver and vehicle. Ohio v. Robinette, 519 U.S. 38–39, 117 S. Ct. 417 (1996); United States v. Purcell, 236 F.3d 1274, 1277–78 (2001). The district court did not err when it denied Delgado's motion to suppress.

Delgado's argument that there is insufficient evidence to support his convictions for carrying a firearm "during and in relation to" a drug trafficking crime also fails. We review de novo the sufficiency of the evidence supporting a criminal conviction and view the evidence in the light most favorable to the government. United States v. Diaz, 248 F.3d 1065, 1084 (11th Cir. 2001). The evidence suggested that the firearm at least had "the potential of facilitating" the drug trafficking offense because it was loaded, close to the cocaine, and readily accessible to Delgado. United States v. Timmons, 283 F.3d 1246, 1251 (11th Cir. 2002).

Delgado argues for the first time in his reply brief that the district court erroneously denied his request for a jury instruction on the lesser included offense of simple possession of cocaine. "Under the law of this Circuit, an issue not raised in a party's initial appellate brief is considered waived, and the party is prohibited from raising the issue later in the appeal." United States v. Silvestri, 409 F.3d

3

1311, 1338 n.18 (11th Cir. 2005).  As a result, Delgado waived this argument.

Delgado's arguments about sentencing also fail.  We review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error,  United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005), and we review a sentence for reasonableness.  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).  First, the district court did not clearly err when it determined that Delgado was not entitled to a reduction for acceptance of responsibility because Delgado put the government to its burden of proof both before and during trial.  U.S.S.G. § 3E1.1 cmt. n.2; see also United States v. Smith, 127 F.3d 987, 989 (1997) (en banc).

Second, the district court was correct to classify Delgado as a career offender.  According to section 4A1.2 of the Guidelines, "[p]rior sentences imposed in unrelated cases are to be counted separately."  U.S.S.G. § 4A1.2.  The Guidelines Commentary states: "Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest . . . ."  U.S.S.G. § 4A1.2 cmt. n.3.  Delgado was arrested for the first offense in January 1995 before he committed the second offense in April 1995, so the second offense was an intervening arrest.  United States v. Hunter, 323 F.3d 1314, 1322–23 (11th Cir. 2003).  The district court was correct to conclude that the two prior sentences were

4

unrelated and sentenced Delgado as a career offender.

Third, Delgado's sentence of 360 months of imprisonment was reasonable. The district court considered permissible sentencing factors, stated its reasons for the particular sentence on the record, and sentenced Delgado at the low end of the Guidelines range. See Williams, 456 F.3d 1353, 1361 (11th Cir. 2006); Talley, 431 F.3d at 787–88. Delgado cannot establish that his sentence fails to further the sentencing purposes of section 3553(a).

Delgado's convictions and sentence, therefore, are

**AFFIRMED**.