[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13033

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 24, 2012
JOHN LEY
CLERK

D. C. Docket Nos. 08-80967-CV-DTKH,
05-80193 CR-DTK

ROBERTO DELGADO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 24, 2012)

Before HULL and FAY, Circuit Judges, and BOWEN,* District Judge.

---

*Honorable Dudley H. Bowen, Jr., United States District Judge for the Southern District of Georgia, sitting by designation.

PER CURIAM:

In May 2006, Appellant Roberto Delgado was tried and convicted of possession of a firearm as a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and carrying a firearm during a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The presentence investigation report ("PSI") classified Delgado as a career offender, pursuant to U.S.S.G. § 4B1.1(a), based on his prior felony convictions for burglary of a dwelling and for carrying a concealed weapon. The career-offender classification increased Delgado's total offense level from 24 to 37 and his criminal history category to VI, yielding an advisory guidelines range of 360 months to life imprisonment.

At his sentencing in July 2006, Delgado argued that his burglary conviction did not qualify as a "crime of violence" within the language and meaning of the career-offender guideline. See U.S.S.G. § 4B1.1. However, Delgado did not challenge at all his other conviction for carrying a concealed weapon. At the time and as it had for some years, a prior conviction for carrying a concealed weapon qualified as a "crime of violence" under the career-offender guideline. See United States v. Adams, 316 F.3d 1196, 1197 (11th Cir. 2003); United States v. Gilbert, 138 F.3d 1371, 1372 (11th Cir. 1998), abrogated by United States v. Archer, 531

F.3d 1347, 1352 (11th Cir. 2008). Delgado also requested (1) a downward

departure on the ground that his criminal history category overrepresented his

criminal history and (2) a downward variance based on the 18 U.S.C. § 3553(a)

factors. The district court acknowledged its authority to vary downward but found

no basis for doing so in Delgado's case.[1]

After considering the § 3553(a) factors, the district court imposed

consecutive sentences of 120 months' imprisonment for the felon-in-possession

conviction, 180 months' imprisonment for the possession-with-intent-to-distribute

conviction, and 60 months' imprisonment for the conviction for possessing a

firearm in connection with a drug-trafficking offense.[2] None of the sentences

exceeded the statutory maximum for the particular crime of conviction.[3]

---

[1]The district court did sustain Delgado's objection to a two-point enhancement for obstruction of justice based on Delgado's sworn testimony during a status hearing before the magistrate judge. The magistrate judge asked Delgado about his assets, and Delgado failed to disclose to the magistrate judge a $100,000 certificate of deposit in his name. The district court sustained Delgado's objection to the two-point enhancement after finding that the government failed to meet its burden to show that Delgado's misstatement was made willfully and with the intent to mislead the magistrate judge.

[2]The district court imposed consecutive sentences on the first two counts of conviction in accord with U.S.S.G. § 5G1.2(d), which provides: "If the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment" provided by the advisory guidelines range. Section 924(c)(1)(A)(i) states that the 60-month sentence for using or carrying a firearm during a drug-trafficking offense must run consecutively to the punishment provided for the drug-trafficking offense.

[3]The statutory maximum sentence for a violation of 18 U.S.C. § 922(g)(1) is 120 months. See 18 U.S.C. § 924(a)(2). The statutory maximum sentence for Delgado's violation of 21

3

Accordingly, Delgado's total sentence was 360 months.

Delgado appealed his convictions and sentences, and this Court affirmed on October 3, 2007. See United States v. Delgado, 250 F. App'x 268 (11th Cir. 2007) (unpublished). Although Delgado challenged his career-offender designation on appeal, he did so solely on the ground that his two prior convictions were related and thus should not have been counted as two separate convictions. Delgado petitioned the U.S. Supreme Court for certiorari, which was denied on May 27, 2008. As he failed to do on direct appeal, Delgado failed to assert in his petition for certiorari that his conviction for carrying a concealed weapon did not qualify as a "crime of violence" under the career-offender guideline in U.S.S.G. § 4B1.1.

In April 2008 (after this Court affirmed Delgado's convictions and sentences but before the Supreme Court denied his petition for certiorari), the Supreme Court decided Begay v. United States, 553 U.S. 137, 128 S. Ct. 1581 (2008). Begay holds that driving under the influence is not a "violent felony" within the meaning of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), because the offense does not involve "purposeful, violent, and aggressive conduct." 553 U.S. at 145, 128 S. Ct. at 1586. Two months later, in June 2008, this Court decided

U.S.C. § 841(a), which involved less than 500 grams of cocaine, is 240 months. See 21 U.S.C. § 841(b)(1)(C). Section 924(c)(1)(A)(i) provides a mandatory consecutive sentence of 60 months' imprisonment for using or carrying a firearm during a drug-trafficking crime.

4

United States v. Archer, which holds—based on the principles of Begay—that a prior conviction for carrying a concealed firearm does not constitute a "crime of violence" within the meaning of the career-offender guideline in U.S.S.G. § 4B1.1. 531 F.3d 1347, 1352 (11th Cir. 2008). Archer expressly abrogated prior Circuit precedent to the contrary. Id.

Two months after Archer, Delgado filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. In pertinent part, Delgado argued for the first time that, in light of Archer, he was "actually innocent" of the career-offender guidelines enhancement because his prior conviction for carrying a concealed weapon did not qualify as a "crime of violence." Citing an array of cases concerning the actual-innocence exception permitting successive or procedurally defaulted collateral challenges, Delgado argued that actual-innocence claims are applicable to non-capital sentence enhancements. After noting that all of Delgado's claims could have been but were not raised at sentencing or on direct appeal, the district court denied Delgado's § 2255 motion. The district court denied a certificate of appealability ("COA"), but this Court granted a COA.

Our decision in McKay v. United States, 657 F.3d 1190 (11th Cir. 2011), controls the disposition of this appeal. In McKay, the § 2255 movant, McKay, failed to appeal his sentence and claimed in his § 2255 motion, as Delgado does in

5

this case, that he was actually innocent of his sentence on the ground that the district court, at sentencing, erred in treating his prior conviction for carrying a concealed weapon as a "crime of violence" under the career-offender guideline in U.S.S.G. § 4B1.1. Although the district court denied McKay relief and a COA, this Court granted him a COA on the following issue, which is nearly identical to the COA issued in this appeal: "[w]hether the district court erred in finding that [McKay's] sentencing claim about the career-offender enhancement is not cognizable in proceedings under 28 U.S.C. § 2255, and, if cognizable, whether this sentencing claim is procedurally defaulted in any event."[4] Id. at 1195.

This Court ultimately declined to address the cognizability issue in McKay, but affirmed the district court's denial of relief based upon McKay's procedural default, i.e., his failure to raise his Archer claim on direct appeal. Id. at 1195–1200. McKay notes that a petitioner's procedural default can be excused

---

[4]This Court granted Delgado a COA on the issue of whether "the district court erred in determining that a freestanding challenge to a career offender sentence imposed under U.S.S.G. § 4B1.1, brought pursuant to United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), fails to state a cognizable claim on collateral review." In Delgado's case, the government raised procedural default in the district court and in this Court. Even though the COA in this case does not expressly mention procedural default, we may consider the issue in resolving this case. See Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1009–10 (11th Cir. 2012) (addressing a threshold issue "[n]ecessarily subsumed" within the COA granted by the district court, despite the fact that the COA did not expressly include the issue); Lawrence v. Florida, 421 F.3d 1221, 1225–26 (11th Cir. 2005) (finding questions of applicability of state-impediment and equitable-tolling exceptions to AEDPA statute of limitations were subsumed within certificate of appealability on issue of whether petitioner's § 2254 petition was barred by the AEDPA statute of limitations); McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (stating "we . . . construe the issue specification in light of the pleadings and other parts of the record").

6

only if the petitioner can show either (1) cause and prejudice or (2) actual innocence either of the crime itself or, in the capital sentencing context, of the sentence. Id. at 1196. McKay did not argue the cause-and-prejudice exception to the procedural-default rule. Id.

This Court rejected McKay's claim that he was "actually innocent" of his career-offender sentence on the ground that "'actual innocence means factual innocence, not mere legal insufficiency.'" Id. at 1197 (quoting Bousley v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (emphasis added)). Like Delgado in this case, McKay made the purely legal argument that his prior conviction for carrying a concealed weapon should not have been classified as a "crime of violence" under § 4B1.1. Id. at 1199. And, like Delgado, McKay did not deny that he actually committed the crime of carrying a concealed weapon, and thus he did not claim factual innocence of the predicate "crime of violence." Id.

In rejecting McKay's claim, this Court kept the actual-innocence exception to procedural default narrow. Id. at 1999. Specifically, this Court "decline[d] to extend the actual innocence of sentence exception to claims of legal innocence" of a guidelines sentencing enhancement. Id. The facts of Delgado's case are indistinguishable from McKay in all material respects.[5] Therefore, we cannot

---

[5]Like McKay, Delgado in this appeal does not argue the cause-and-prejudice exception to the procedural-default rule. And even if he had made this argument, Delgado could not establish

excuse Delgado's procedural default based on his claim that he is actually innocent of his advisory guidelines sentences, which do not exceed the statutory maximum sentence for each of his crimes conviction.[6]

**AFFIRMED.**

---

cause for his counsel's failure to raise the "crime of violence" argument at sentencing or on direct appeal. An attorney is not ineffective for failing to anticipate a change in the law. See Wright v. Hopper, 169 F.3d 695, 707–08 (11th Cir. 1999); Spaziano v. Singletary, 36 F.3d 1028, 1039 (11th Cir. 1994) ("We have held many times that reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop." (alteration and quotation marks omitted)).

[6]Because Delgado's sentences do not exceed the statutory maximum, we have no occasion to address the actual-innocence exception as applied to a defendant who received a sentence above the statutory maximum. Cf. Hunter v. United States, 130 S. Ct. 1135 (2010) (mem.) (vacating judgment and remanding for consideration of whether the § 2255 movant showed a due process violation where the district court erroneously applied a statutory enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and imposed a sentence above the statutory maximum applicable absent the ACCA enhancement).