984 So.2d 789 (2008)
In re Calvin WILLIAMS Application for Compensation Under Act # 486 of 2005.
No. 2007 CA 1380.
Court of Appeal of Louisiana, First Circuit.
February 20, 2008.
*791 Louis A. Heyd, Jr., Iliaura Hands, New Orleans, LA, for Plaintiff/Appellee Calvin Williams.
Keith D. Crawford, Molly L. Balfour, Burton P. Guidry, Assistant Attorneys General, Baton Rouge, LA, for Defendant/Appellant State of Louisiana, Through the Office of the Attorney General.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
GUIDRY, J.
This appeal raises an issue of first impression regarding the proper application of La. R.S. 15:572.8, enacted by Acts 2005, No. 486, § 1, effective September 1, 2005, which allows an applicant to seek compensation for wrongful conviction and imprisonment.[1] The primary issue raises questions regarding the evidence allowable in these types of proceedings. The appeal also requires this court to determine the proper interpretation of the clear and convincing burden of proof borne by an applicant pursuant to the statute, as well as the meaning of "factual innocence," one of the two factors statutorily required to make a showing of entitlement to the compensation provided therein.

APPLICABLE LAW
A former inmate who has served in whole or in part a sentence of imprisonment for which he was convicted is entitled to compensation pursuant to La. R.S. 15:572.8, provided that he proves that his conviction has been reversed or vacated, *792 and proves by clear and convincing scientific or non-scientific evidence that he is "factually innocent" of the crime for which he was convicted. The statute defines "factual innocence" as "the applicant did not commit the crime for which he was convicted and incarcerated nor did he commit any crime based on the same set of facts used in his original conviction." La. R.S. 15:572.8(B). Additionally, the statute contains a liberal evidentiary provision, allowing the court to "consider any relevant evidence regardless of whether it was admissible in, or excluded from, the criminal trial in which the applicant was convicted." La.R.S. 15:572.8(C)(1).

FACTUAL BACKGROUND
The applicant herein, Calvin Williams, was convicted by a jury of first degree murder and sentenced to life imprisonment in 1977. In 1991, he filed an Application for Post Conviction Relief, which was granted based on the state's failure to disclose exculpatory (Brady) material.[2] Williams was granted a new trial, but the state did not re-try him. Williams was discharged from the Louisiana State Penitentiary in 1992. On August 19, 1996, the first degree murder charges against Williams were dismissed as moot.

PROCEDURAL BACKGROUND
In November 2005, Williams filed this Application for Compensation, alleging the dismissal of charges against him based on post conviction relief and the state's failure to re-try him "because of [his] factual innocence." A trial on the merits was conducted on March 22, 2007. Represented by counsel at the trial were the applicant and the State of Louisiana, represented by both the Attorney General's Office and the Office of the Treasury.
The parties stipulated to the factual background detailed above. Calvin Williams testified that he served fifteen years and eight months of his life sentence prior to his release. His application for post conviction relief, the bases therefor, and the judgment granting same were introduced into evidence. Williams also testified that he was "not at all" involved in the murder upon which the conviction was based.
Notwithstanding the liberal evidentiary provision in the statute and over vehement objection by the state, the trial court prohibited the defense from questioning Williams about any prior criminal history or from questioning him regarding the facts and circumstances of the actual first degree murder charge of which he was attempting to prove his factual innocence. The court stated that to allow the evidence would amount to a "retrial" of the murder charge.[3]
The court then orally denied the state's motion for an involuntary dismissal based on the plaintiffs failure to prove that he was "factually innocent" of the murder charge. The state, unable to question Williams about the murder charge, presented no witnesses and proffered into evidence the entire criminal record of the underlying case.
*793 The trial court indicated its belief that the state's failure, for whatever reason, to re-try Mr. Williams, cloaked Williams with a presumption of innocence. Given the benefit of that presumption, together with the "unrebutted"[4] testimony by Williams that he had nothing to do with the murder, the court concluded he had "proven his case to the satisfaction of this court" and awarded him the full amount of compensation allowed under the statute, $150,000.00, together with various sums allowable for job skills training and necessary medical and counseling services, to be paid out of the Innocence Compensation Fund.

THE APPEAL
The state appeals the judgment of the trial court, asserting the trial court erred in prohibiting it from presenting any evidence relevant to Williams' factual innocence of the murder at issue and in concluding the applicant met his clear and convincing burden of proof. For the following reasons, we find the court erred in its evidentiary ruling and; therefore, also erred in concluding the applicant met his burden of proof.

BURDEN OF PROOF
The applicant's burden of proof is very clearly provided for by statute: one must prove a conviction for which he served imprisonment has been either vacated or reversed, and by clear and convincing evidence, scientific or not, that he is "factually innocent," i.e., that he did not commit the crime for which he was convicted or any crime based on the same set of facts used in that conviction.
Clearly, the statute requires more than just a showing that a conviction has been overturned or vacated. Implicitly, it reflects the intent that compensation will not be awardable in every matter in which post conviction relief has been granted. An applicant must also prove by clear and convincing evidence that he did not commit the crime or any other crime based on the same set of facts. Thus, the proof offered by Williams that his conviction was overturned and that he was not re-tried is proof of only the first statutory requirement. The other proof offered by Williams to prove his factual innocence, the second statutory requirement, was his testimony denying any involvement with the crime and testimony by him suggesting that a coat seized from his room, alleged to have been worn in connection with the crime, would not have fit him at trial, but that his attorney failed to present this to the jury.

"Factual Innocence"
Unlike the well-known and understood burden of proving guilt beyond a reasonable doubt applicable to all criminal convictions, the concept of proving "factual innocence" is novel and indeed unprecedented in the context of criminal convictions, and even civil proceedings, under Louisiana law. The statute defines the term, as noted above, yet that definition is less than instructive on the type or amount of proof necessary.
However, as noted above, the statute also liberally allows for the admission of evidence otherwise inadmissible in the criminal proceeding, suggesting a legislative intent that little limitation be placed on the introduction of evidence related in any way to the conviction and the proof of factual innocence. Finally, the statute specifically provides that this evidence can *794 be scientific or non-scientific. We find this indicative of a legislative intent that compensation be awarded in cases where factual innocence is established clearly and convincingly through such scientific evidence (e.g., DNA) that exonerates a person, or when another person has confessed to and subsequently been convicted of the crime at issue, and in all other cases when factual innocence is otherwise proven by clear and convincing evidence.

Admissibility of Evidence
In this case, the trial court's factual determination was interdicted by its erroneous ruling prohibiting the defense from questioning Williams about the murder conviction or otherwise proving his lack of factual innocence in connection with that crime. Assuming, for the sake of argument only, that the court, to whom great deference is owed in making credibility and factual determinations, was correct in finding plaintiff met his original burden, the court's refusal to allow the defendant to introduce evidence related thereto amounted to a directed verdict in favor of the plaintiff, a result clearly not contemplated by the legislature in enacting La. R.S. 15:572.8.[5] The trial court erred in denying the state the opportunity to present a defense or to controvert the plaintiffs showing.
We reject the trial court's conclusion that such would amount to a retrial of the murder charges by simply noting that the applicant does not face criminal charges herein, and the evidence submitted is only relevant to the critical determination of factual innocence, which if shown, entitles the applicant to compensation for wrongful imprisonment. The evidence in no way subjects him to adverse criminal or civil consequences; however, it is critically necessary to allow the state to rebut an applicant's prima facie showing, and we know of no other evidence with which the state can do this than with evidence related to the facts and circumstances surrounding the murder at issue in this matter. Therefore, the trial court erred in not allowing the state to present testimony or evidence of this nature.
Because the state proffered the entire record of the criminal proceedings against Williams, this court could conceivably review the matter de novo to determine if the applicant met his burden of proof. However, just as the trial court's error prevented the state from producing evidence to show the absence of applicant's factual innocence, it also prevented the plaintiff from rebutting or contradicting any of the evidence presented or proffered by the state. Hence, the trial court's erroneous evidentiary ruling so interdicted the fact-finding process that we find a remand for a new trial is necessary. Only after the state is allowed to call and question witnesses and present evidence to rebut the plaintiffs prima facie showing, and the plaintiff is allowed to rebut and contradict this evidence, can a proper determination regarding the applicant's factual innocence be made.

CONCLUSION
Accordingly, we vacate the trial court's judgment awarding Calvin Williams compensation *795 and remand this matter to the trial court for further proceeding to be conducted consistent with the views expressed herein. Costs hereby are assessed to appellee, Calvin Williams.
VACATED AND REMANDED.
NOTES
[1] Louisiana Revised Statutes 15:572.8 was amended by Acts 2007, No. 262, Sec. 1, effective August 15, 2007, to limit a claim for loss of life opportunities to $40,000.00. Additionally, the statute now specifically establishes the attorney general as the representative of the state in these proceedings, requires service be made on the attorney general, the district attorney of the parish in which the conviction was obtained, and upon the court (or pardon board) that reversed or vacated that conviction. La. R.S. 15:572.8(E). Moreover, paragraph (H) now provides for a contradictory hearing with the Attorney General, which obviously implies the right of the state, through the attorney general, to introduce evidence. However, for the purposes of this opinion, all references are made to La. R.S. 15:572.8 as it existed at the time Mr. Williams filed his Application for Relief.
[2] The record reveals that the undisclosed material consisted of a police report that contained inconsistencies in the testimony of one witness and revealed this same witness had failed to identify Mr. Williams in a photographic line-up during the investigation.
[3] The trial court noted that the state had been given the opportunity, but failed to re-try Mr. Williams after his post conviction relief was granted. The trial court opined that to allow the state to question witnesses or introduce evidence related to the murder would be akin to the state being given a third chance to re-try Mr. Williams.
[4] We qualify the use of the word "unrebutted" to describe the applicant's testimony, given that the court prohibited the defense from producing any evidence by which to rebut such testimony.
[5] Indeed, the trial court's analysis, taken to its logical conclusion, would allow compensation to be awarded to every person in favor of whom post-conviction relief, for whatever reason, has been granted, and the state, for whatever reason, did not re-try the matter. The applicant, presumed innocent, and allowed to testify on his behalf, but the state being denied the opportunity to rebut a showing of factual innocence, removes the second statutory requisite from the analysis, and would lead to automatic entitlement to compensation based on post-conviction relief. This is clearly not the intention of the legislature as reflected by the statute.