CARTER, C.J.
| pGerald Burge appeals the district court’s dismissal of his petition against the State of Louisiana for failure to timely request service. For the following reasons, we affirm.
FACTS
On July 27, 2007, Gerald Burge filed a petition in the Nineteenth Judicial District Court against the State of Louisiana pursuant to LSA-R.S. 15:572.8, which allows an applicant to seek compensation for wrongful conviction and imprisonment.[1] *236 Burge alleged that he had been wrongfully convicted of second degree murder in the Twenty-Second Judicial District Court and sentenced to life imprisonment in 1986. After serving six years in prison, Burge alleges that pursuant to post-conviction relief, his conviction and sentence were reversed by the Twenty-Second Judicial District Court; and after a new trial, he was acquitted by a jury and released. Thereafter, Burge filed the instant suit in proper person, seeking compensation for the six years he spent incarcerated on the alleged wrongful conviction.
Burge’s petition did not include any service request, and the record is void of any service information or return of citation. However, in a pleading entitled Declinato-ry Exception of Insufficiency of Service of Process, |sAnswer, and Peremptory Exception of No Cause of Action filed on April 20, 2009, the State alleged that Burge, who was at that point represented by counsel, did not request service on the defendants until March 23, 2009. In its oral reasons for judgment, the district court found that Burge had requested service on all defendants on March 30, 2009, almost two years after filing his claim. We are unable to verify the actual date of Burge’s service request since the return is not in the record; however, it is undisputed that Burge did not request service upon the State within ninety days of filing his action for compensation.
Burge claims that he was not responsible for service under LSA-R.S. 15:572.8, arguing that it was the district court’s responsibility to serve the defendants. The State maintained that Burge failed to comply with the ninety-day service requirements found in LSA-C.C.P. art. 1201 C, and therefore, a judgment dismissing Burge’s petition without prejudice was mandatory, pursuant to LSA-C.C.P. art. 1672 C. The district court agreed with the State, finding that the service of process was requested more than ninety days from the commencement of Burge’s action. Thus, the district court maintained the State’s exception raising the objection of insufficient service of process and dismissed Burge’s suit without prejudice on November 3, 2009. Burge filed this appeal.
DISCUSSION
A judgment of dismissal for insufficient service of process should not be reversed in the absence of manifest error. Johnson v. Brown, 03-0679 (La.App. 4 Cir. 6/25/03), 851 So.2d 319, 322. Burge argues that the district court erred in dismissing his petition because the Code of Civil Procedure service provisions do not apply in this case. Burge maintains that LSA-R.S. |415:572.8 places the responsibility for service on the district court, and that this more specific statute supersedes the general service requirements of LSA-C.C.P. art. 1201 C. Burge relies on the language of the 2005 *237 version of LSA-R.S. 15:572.8 C(l), which was in effect at the time that he filed his petition: “[tjhe court shall submit a copy of any application filed pursuant to this Section to the sentencing court and the district attorney within fifteen days of receiving such application.” (Emphasis added.) Burge also points to specific language in the 2007 version of LSA-R.S. 15:572.8 E, which became effective a few weeks after he filed his petition: “[t]he attorney general shall represent the state of Louisiana in these proceedings. The court shall serve a copy of any petition filed pursuant to this Section upon the attorney general and the district attorney ... and upon the court ... or pardon board ... within fifteen days of receiving such petition.” (Emphasis added.) The State contends that LSA-R.S. 15:572.8 does not dictate service requirements and that Burge is required to follow the service requirements of LSA-C.C.P. art. 1201 C.
We find that neither party has correctly identified the pertinent authority for service in this situation. The general rule of service is specified in LSA-C.C.P. art. 1201 C, which provides in pertinent part: “[sjervice of the citation shall be requested on all named defendants within ninety days of commencement of the action.” But the more specific rule of service in “all suits filed against the state of Louisiana” is specified in LSA-R.S. 13:5107. The statute governing the petition process for compensation for wrongful conviction and imprisonment does not supersede the explicit requirement of service and citation on the attorney general in a suit against the State of Louisiana. This is evident by the language in the 2007 version of LSA-R.S. |s15:572.8 E that appears after the part relied on by Burge, as follows: “Upon receipt of the petition and of confirmation of service on the attorney general’s office, the court shall ask the state, through the attorney general’s office, to respond to the petition within forty-five days of service of the petition.”[2] (Emphasis added.)
With few exceptions, citation and service are essential in all civil actions. LSA-C.C.P. art. 1201 A; Tranchant v. State, 08-0978 (La. 1/21/09), 5 So.3d 832, 834. Proper citation is the cornerstone of civil actions. Naquin v. Titan Indemnity Co., 00-1585 (La.2/21/01), 779 So.2d 704, 710. Pursuant to LSA-R.S. 13:5107 D(l), “[i]n all suits in which the state ... is named as a party, service of citation shall be requested within ninety days of the commencement of the action ...” (Emphasis added). And, “[i]f service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, after contradictory motion as provided in [LSA-C.C.P. art. 1672 C], as to the state ..., who has not been served.”[3] LSA-R.S. 13:5107 D(2).
Burge’s petition is most certainly a civil action against the State of Louisiana. As such, the service requirements of LSA-R.S. 13:5107 D(l) are not only applicable in *238 this case, they are clearly and unambiguously mandatory. See Chinn v. Mitchell, 98-1060 (La.App. 1 Cir. 5/14/99), 734 So.2d 1263, 1265-1266, writ not considered, 99-1772 (La.7/2/99), 747 So.2d 7. Burge’s reliance on the language of either version of LSA-R.S. 15:572.8 to place the burden of service on the district court is misplaced and in error. The Louisiana Supreme Court has held that it is a plaintiffs responsibility to provide accurate service information for the proper agent for service of process in order to satisfy LSA-R.S. 13:5107 D. Johnson v. Univ. Med. Ctr. In Lafayette, 07-1683 (La. 11/21/07), 968 So.2d 724, 725. For service to be requested and effectuated, the clerk of court must be provided with the correct name and address of those persons to be served.[4] Tranchant, 5 So.3d at 836. The clerk of court cannot act to effect service until service instructions are received from the plaintiff. Id.
Further, the Supreme Court has held that “mere confusion over a party’s proper service information is not a sufficient basis for good cause” to defend against the mandatory dismissal. Johnson, 968 So.2d at 725. And we should not disregard the clear meaning of the mandatory service requirements merely because Burge elected to initially proceed in proper person. Therefore, we find no merit to any intimation that Burge made a good faith effort to comply with the rules regarding proper service and citation upon the State when he mistakenly relied on his belief that the district court was responsible for service. Louisiana courts have strictly construed the good cause requirement of LSA-C.C.P. art. 1672 C; and consequently, Burge is strictly held to the obligation of serving the correct agent for service of process, as well as to the obligation of serving the named |7State defendants within the ninety-day time period specified by LSA-R.S. 13:5107 D(l). See Tranchant, 5 So.3d at 837-838.
We find that an error in interpreting service requirements does not excuse Burge’s failure in satisfying service and citation requirements in this ease. See Isaac v. Amos-Gombako, 08-840 (La.App. 3 Cir. 12/10/08), 999 So.2d 349, 350-351, writ denied, 09-0067 (La.3/6/09), 3 So.3d 490. Because Burge did not request service on the State within ninety days from the commencement of his action for compensation for his alleged wrongful conviction, it is mandatory that the action be dismissed without prejudice. LSA-R.S. 13:5107 D; LSA-C.C.P. art. 1672 C. Therefore, the district court’s judgment is not manifestly erroneous.
CONCLUSION
The judgment of the district court dismissing Gerald Burge’s claims against the State of Louisiana without prejudice is affirmed. All costs of this appeal are assessed to Gerald Burge.
AFFIRMED.

. Louisiana Revised Statutes 15:572.8 was originally enacted by Acts 2005, No. 486, § 1, effective September 1, 2005, providing that all applications for compensation be filed in the *236 Nineteenth Judicial District Court, allotted to the civil division, and shall be tried by the judge alone. The statute was amended by Acts 2007, No. 262, § 1. effective August 15, 2007, to specifically establish, among other things, that the attorney general is the representative of the State in these types of proceedings. The 2007 amendment further required service to be made by the court upon the attorney general, the district attorney of the parish in which the conviction was obtained, and upon the court or pardon board that reversed or vacated the conviction within fifteen days of receiving the petition. The 2005 version of the statute states that a copy of the application for compensation shall be submitted by the court to the sentencing court and the district attorney within fifteen days of receiving the application. For purposes of this opinion, we will analyze both versions of the statute as it pertains to citation and service, without deciding whether the 2007 amendment is retroactive.

. The 2005 version of LSA-R.S. 15:572.8 is completely silent regarding service on the attorney general or any service at all, and instead refers to a submission of a copy of the claim to the sentencing court and district attorney, who are not named defendants in Burge’s action.

. Louisiana Code of Civil Procedure article 1672 C was amended by Acts 2006, No. 750. § 1, to include "upon the sustaining of a declinatory exception filed by such defendant,” in addition to a contradictory motion by any other party. Therefore, the State's use of the declinatory exception raising the objection of insufficient service of process was a proper procedural device for obtaining a dismissal of Burge’s petition. Cf. Filson v. Windsor Court Hotel, 04-2893 (La.6/29/05), 907 So.2d 723, 729-730, which was decided prior to the Legislature’s 2006 amendment of LSA-C.C.P. art. 1672 C.

. The clerk of court is charged with the duty to issue all citations and other processes of the district court. See LSA-C.C.P. art. 252.