PER CURIAM.
_JjThe Plaintiff, Gerald Burge, was charged with second degree murder of Douglas Frierson (“victim”) in the 22nd Judicial District Court in St. Tammany Parish, convicted and sentenced to life imprisonment in 1986. Subsequent to his sentencing, Mr. Burge discovered that the lead investigating detective, Gary Hale had exculpatory, material evidence, such as in *1111 vestigatory reports, tapes, and statements, hidden in the trunk of his car.[1] When asked why was he hiding these reports, Hale admitted to his former Chief of Detectives E.L. Herman, “Some of the stuff could ^probably make us lose the case.” When Mr. Burge’s attorney discovered that the State failed to produce exculpatory or material evidence, he filed on September 22, 1989, a Petition for Post Conviction Relief, arguing that defendant’s Brady[2] rights were unconstitutionally violated. Defendant argued that Hale facilitated his conviction by suppressing a pretrial statement by Jean Frierson, the victim’s mother, which would have impeached her perjured testimony that she saw the victim leave her house with Mr. Burge shortly before his murder. The 22nd Judicial District Court of St. Tammany Parish granted Mr. Burge a new trial in June 1990.
On September 10, 1992, Mr. Burge was tried again by a second jury. At the second trial, the victim’s mother admitted that she lied at the 1986 trial. At the conclusion of the second jury trial, the 22nd Judicial District Court found Mr. Burge not guilty, and exonerated him of all charges.
On July 27, 2007, Mr. Burge filed a “Wrongful Conviction Application for Compensation” in the 19th Judicial District Court pursuant to LSA-R.S. 15:572.8. He argued that the record reflected that the 22nd Judicial District Court reversed his wrongful conviction and vacated his sentence, and after a second trial, a jury found him innocent of killing Doug Frier-son. Mr. Burge requested compensation for the years he served in prison from 1986 to 1992 pursuant to LSA-R.S. 15:572.8(0(3). When the application was filed, Mr. Burge did not include any service request, and the record is void of any service information or return of citation. In response, the State filed a Declinatory Exception of Insufficiency of Service of Process, arguing that Mr. Burge’s failed to request service on the State within 90 days pursuant to LSA-R.S. 13:5107(D)(1), (2).[3] *1112 The trial court granted the State’s exception, finding |sthat Mr. Burge failed to comply with LSA-C.C.P. art. 1201(C), which provides, in pertinent part, that “[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action.” The court of appeal affirmed the trial court’s ruling. Burge v. Louisiana, 10-0051(La.App. 1 Cir. 6/11/10), 43 So.3d 235. The court of appeal found that LSA-C.C.P. art. 1201(C), was not the “pertinent authority for service,” of the “Wrongful Conviction Application for Compensation” filed by Mr. Burge, but instead noted that “the more specific rule of service in ‘all suits filed against the State of Louisiana’ is set out in LSA-R.S. 13:5107.” Id. at 237. The court of appeal further stated that LSA-R.S. 15:572.8 does not supersede LSA-R.S. 13:5107. Id.

DISCUSSION

The issue before this Court is whether the court of appeal erred in affirming the district court’s dismissal of Mr. Burge’s Wrongful Conviction Compensation Application based upon the State’s Exception of Insufficiency of Service.
In 2005,[4] the legislature enacted LSA-R.S. 15:572.8 to create an application for those wrongfully convicted and imprisoned. This statute provided in pertinent part:
A. An applicant is entitled to compensation ... if he has served in whole or in part a sentence of imprisonment under the laws of this state for a crime for which he was convicted and:
(1) The conviction of the applicant has been reversed or vacated; and
(2) The applicant has proven by clear and convincing scientific or |4non-scienti-fic evidence that he is factually innocent of the crime for which he was convicted.
[[Image here]]
C. (1) All applications for compensation ... shall be filed in the Nineteenth Judicial District Court ... and shall be allotted to the civil division as provided by Code of Civil Procedure article 253.1 and applicable rules of court. The court shall render a final decision on all applications for compensation filed in accordance with the provisions of this Section and shall be tried by the judge alone.... The court shall submit a copy of any application filed ... to the sentencing court and the district attorney within fifteen days of receiving such application.
[Emphasis added.]
We note that the 2005 version of LSA-R.S. 15:572.8(C) is devoid of any requirement for service of process. Rather, the legislature provided for the giving of notice by requiring “[t]he court [to] submit a copy of any application filed ... to the sentencing court and the district attorney within fifteen days of receiving such application.” In July 2007, Mr. Burge properly followed the language of the then applicable law. The statute was not amended until August 15, 2007, when it was substantively changed to read, in pertinent part:
C. All petitions for compensation as provided in this Section shall be filed in the district court in which the original conviction was obtained, ... and shall be governed by procedures outlined herein and randomly re-allotted by the court.
[[Image here]]
*1113 E. The attorney general shall represent the state of Louisiana in these proceedings. The court shall serve a copy of any petition filed ... upon the attorney general and the district attorney of the parish in which the conviction was obtained and upon the court that vacated or reversed the petitioner’s conviction or upon the pardon board if the conviction was vacated through executive clemency within fifteen days of receiving such petition.... [Emphasis added.]
The legislature, in amending the statute in 2007, changed the process to be utilized from an “application process” to a “petition process.” The 2007 changes to the law made clear that the Attorney General is the proper party defendant to proceed against contradictorily, when filing the petition for compensation. LSA-R.S. 15:572.8(E). This amended statute placed the burden upon the court to serve a copy of the petition |fiupon the attorney general and the district attorney within fifteen days of receiving the petition. Id. Because the amended statute requires the court to serve the defendants with a copy of the petition, the petitioner has no obligation to request service of citation at all.
The general rule of statutory construction is that a specific statute controls over a broader, more general statute. “It is a well-settled canon of statutory construction that the more specific statute controls over the general statute.” State v. Sharp, 05-1046, pp. 5-6 (La.App. 1st Cir.6/28/06), 939 So.2d 418, 421. This Court has held that “It is a fundamental rule of statutory construction that when two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character.” State v. Campbell, 03-3035, p. 8 (La.7/6/04), 877 So.2d 112, 118.
The language of LSA-R.S. 13:5107, which is a part of the Louisiana Governmental Claims Act, does not apply to the compensation application of wrongful convictions; [5] instead, it applies to any suit in contracts, personal and property injury, civil suits against the state, state agencies, political subdivisions of the state, and the employees of those entities. LSA-R.S. 13:5101. Although the statute governs lawsuits involving the state generally, nothing in Section 5107 authorizes its application to a compensation proceeding for a wrongful criminal conviction.
Mr. Burge’s application for wrongful conviction is not governed by LSA-C.C.P. art. 1201(C) because this application is not a civil lawsuit. Instead, the only ^relevant authority governing Mr. Burge’s application is contained in the Wrongful Conviction Compensation Statute, LSA-R.S. 15:572.8, which explicitly requires the court to submit the application to the Attorney General, the prosecuting district attorney, and the court that reversed the conviction.
LSA-R.S. 15:572.8 is sui generis, and governs a unique situation. It provides compensation from a special fund set aside in the state treasury to innocent persons wrongfully convicted. The statute sets out a unique notice procedure and, in its origi *1114 nal version and in the amended version, places the notice requirement not on the petitioner, but on the court. So, it is fair to say that the ordinary requirements for service of petition involving claims against the state do not apply to this unique situation.
For the reasons stated above, we find that the court of appeal erred in affirming the district court’s ruling. We therefore reverse the ruling of the court of appeal, and remand this matter to district court for further proceedings.
CLARK, J., dissents.
REVERSED and REMANDED.

.Detective Hale, upon resigning from the St. Tammany Parish Sheriff's Office, married the victim's sister, "whom he met and began dating during his investigation of her brother’s murder.” See, Burge v. Parish of St. Tammany, (5th Cir.8/25/99), 187 F.3d 452, 459. In June 1991, Mr. Burge filed a federal civil suit in June of 1991, seeking damages against the district attorney, assistant district attorney, sheriff, and deputies for deprivation of his constitutional right to due process and a fair trial under 42 U.S.C.A. § 1983 by destroying and concealing of certain exculpatory, material evidence. The Fifth Circuit Court of Appeals noted:
The record reflects that there was a failure to disclose several items of evidence favorable to the defense within the knowledge of officers acting on the State’s behalf in the case.... Because the net effect of the State-suppressed evidence favoring Burge raises a reasonable probability that its disclosure would have produced a different result at the first trial, the failure to disclose that evidence violated Burge's constitutional rights. See Kyles v. Whitley, 514 U.S. 419, 433-34, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995); United States v. Bagley, 473 U.S. 667, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985); United States v. Agurs, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976).
Burge, at pp. 474-475.

. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

. LSA-R.S. 13:5107(D)(1), (2) provides in pertinent part:
(1) In all suits in which the state ... is named as a party, service of citation shall be requested within ninety days of the commencement of the action or the filing of a supplemental or amended petition which initially names the state ... as a party. This requirement may be expressly waived by the defendant in such action by any written waiver.
(2) If service is not requested by the party filing the action within that period, the action shall be dismissed without prejudice, *1112 after contradictory motion as provided in Code of Civil Procedure Article 1672(C), as to the state, ... who has not been served.

. 2005 La. Acts, No. 486, § 1, effective September 1, 2005.

. In reviewing Mr. Burge’s petition, which was captioned Gerald Burge v. State of Louisiana, there is no indication, other than the caption, that the State was actually named as a defendant in his July 27, 2007 pleading so as to trigger the commencement of 90-day period provided for in LSA-R.S. 13:5107(D)(1). Because Mr. Burge did not name any state agency as a defendant, the State cannot use LSA-R.S. 13:5107(D) to obtain a dismissal of Mr. Burge’s application. See, Corbin v. Louisiana Dept. of Highways, 44,882 (La.App. 2 Cir. 12/9/09), 26 So.3d 945, 947-49.