CARLTON, J.,
specially concurring:
¶ 26. I specially concur with the majority’s result to affirm the trial court’s dismissal of Jefferson’s entire complaint. I write separately to address the requirements set forth in Mississippi Code Annotated section 11-44-3(1), the statute under which Jefferson seeks relief on appeal.
¶27. Even though this Court, on appeal, overturned Jefferson’s conviction for the greater offense of burglary of a building other than a dwelling due to legal insufficiency, Jefferson was found guilty of a lesser-included offense, willful trespass, based upon the same set of facts. His case was remanded for sentencing for the lesser-included offense of trespass, which arose out of the same set of facts as the burglary of a building offense. Therefore, Jefferson failed to meet his burden to show factual innocence as required by section 11 — 44—3 (1) .[8]
¶28. Mississippi Code Annotated sections 11-44-1 through 11-44-15 apply to innocent persons who have been wrongfully convicted. Jefferson’s complaint fails to demonstrate factual innocence; therefore, I concur with the majority’s decision to affirm the trial court’s dismissal of Jefferson’s claim for compensation for failure to state a claim. The plain language of the statute reflects the Legislature’s intent to require proof of actual innocence. See § 11-44-1; see also State ex rel. Abbott v. Young, 265 S.W.3d 697, 701 (Tex.App.2008) (finding statutory language required factual innocence, not legal innocence, in dismissed claim of former prisoner who obtained reversal of his appeal and acquittal on direct appeal based upon legal insufficiency of evidence). In finding more is required than showing a conviction was overturned or vacated, the Louisiana Appeals court addressed the distinction of factual innocence from a finding of legal innocence in the case of In re Williams, 984 So.2d 789, 793-94 (La.Ct.App.2008).
¶ 29. The In re Williams court explained that to show factual innocence, the claimant must prove “that he did not commit the crime for which he was convicted or any crime based on the same set of facts used in that conviction.” Id. at 793. In the present case, Jefferson’s conviction for the greater offense of burglary of a building was set aside based upon legal insufficiency. However, the case was remanded for re-sentencing on the lesser-included offense of trespass, which was clearly supported by the evidence in the record and clearly supported by the same *716 set of facts for a lesser-included offense. Since Jefferson was not granted relief based upon actual innocence, his claim is barred by sovereign immunity. See Miss. Code Ann. § 11-46-1 et seq. (Rev.2002).
¶ 30. Section 11-44-1 provides:
The Legislature finds that innocent persons who have been wrongly convicted of felony crimes and subsequently imprisoned have been uniquely victimized, have distinct problems reentering society, and should be compensated. In light of the particular and substantial horror of being imprisoned for a crime one did not commit, the Legislature intends by enactment of the provisions of this chapter that innocent people who are wrongfully convicted be able to receive monetary compensation.
¶ 31. In conclusion and as set forth above, since Jefferson failed in his burden of showing innocence, I concur with the majority’s decision to affirm the trial court’s dismissal. Jefferson’s claim should be dismissed for failure to state a claim cognizable under section 11-44-1. Additionally, since Jefferson’s claim exceeds the waiver set forth in sections 11-44-1 through 11^44-15, I further submit that the claim is barred by sovereign immunity.

. See generally McKay v. United States, 657 F.3d 1190, 1196 (11th Cir.2011); Delgado v. United States, 475 Fed.Appx. 717, 718-19 (11th Cir.2010) (citing Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)) (stating that actual innocence means factual innocence, not mere legal insufficiency).