GUIDRY, Justice,
dissents and assigns reasons.
|,I respectfully dissent from the majority decision today finding that the tax assessment notices sent to the defendant companies were null and void and without effect. This case concerns an effort by the plaintiff taxing authorities, generally referred to as the “Collector,” to collect sales and use taxes that the defendant companies allegedly failed to charge and collect from their customers on their taxable sales, leases, and/or repairs for certain tax periods. The defendant companies, the exclusive Caterpillar Tractor Company franchise dealers in Louisiana, sold, leased, and/or repaired Caterpillar equipment and machinery throughout the state. The Collector alleged the companies were liable for these taxes, as well as penalties and interest under the provisions of the Uniform Local Sales Tax Code (“ULSTC”).
| aWithin the ULSTC, La.Rev.Stat. 47:337.51 sets forth the requirements of the notice of assessment to be given by the Collector. A plain reading of La. Rev Stat. 47:337.51(A) and (B) reveals that “taxpayers” and “dealers” have different obligations under the statute. Paragraph A clearly is generally directed to all “taxpayers,” defined in La.Rev.Stat. 47:2(4) as “any person liable to pay a tax or file a return under any provision in which the word ‘taxpayer’ appears, regardless of whether such person has paid any tax or filed the required return.” Thus, the Collector must inform the “taxpayer” of the assessment and that he has sixty calendar days from the date of the notice to (a) pay the amount of the assessment, (b) request a hearing with the collector, or (c) pay under protest in accordance with La.Rev. Stat. 47:337.63.
Paragraph (B) of La.Rev.Stat. 47:337.51 is specifically directed to “dealers.” A “dealer” is defined in La.Rev.Stat. 47:301(4) as follows:
“Dealer” includes every person who manufactures or produces tangible personal property for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in a taxing jurisdiction. “Dealer” is further defined to mean:
(a) Every person who imports, or causes to be imported, tangible personal property from any other state, foreign country, or other taxing jurisdiction for sale at retail, for use, or consumption, or distribution, or for storage to be used or consumed in a taxing jurisdiction.
(b) Every person who sells at retail, or who offers for sale at retail, or who has in his possession for sale at retail, or for use, or consumption, or distribution, or storage to be used or consumed in the taxing jurisdiction, tangible personal property as defined herein.
(c) Any person who has sold at retail, or used, or consumed, or distributed, or stored for use or consumption in the taxing jurisdiction, tangible personal property and who cannot prove that the tax levied by this Chapter has been paid on the sale at retail, the use, the consumption, the distribution, or the storage of said tangible personal property.
|s(d)(i) Any person who leases or rents tangible personal property for a consideration, permitting the use or pos *1079 session of the said property without transferring title thereto.
[[Image here]]
(f) Any person, who sells or furnishes any of the services subject to tax under this Chapter.
[[Image here]]
(h) Any person engaging in business in the taxing jurisdiction.
[[Image here]]
There can be little doubt that the defendants in this case are “dealers” within the meaning of La.Rev.Stat. 47:301.
Paragraph (B) of La.Rev.Stat. 47:337.51 provides for different notice requirements and remedies for a “dealer” and places a different time limitation in which the “dealer” may request a hearing with the Collector. This court has repeatedly found that, as a general rule of statutory interpretation, a specific statute controls over a broader, more general statute. Burge v. State, 10-2229 (La.2/11/11), 54 So.3d 1110, 1113. Paragraph B of La.Rev. Stat. 47:337.51 specifically provides that “[i]f any dealer shall be aggrieved by any findings or assessments of the collector, he may, within thirty days of the receipt of notice of the assessment or finding, file a protest with the collector in writing, signed by himself or his duly authorized agent, which shall be under oath and shall set forth the reason therefor, and may request a hearing.” The time limitation for a “taxpayer” under La.Rev.Stat. 47:337.51(A) to respond to an assessment, including the request for a hearing with the collector, is “sixty calendar days from the date of the notice ...,” whereas a “dealer” is required to respond “within thirty days of the receipt of the notice of assessment....” As the majority notes, dealers have additional duties and responsibilities as both the collector and remitter of taxes, and Paragraph (B) does indeed grant dealers different rights and remedies |4from an ordinary “taxpayer,” However, in exchange for those additional rights and remedies, and presumably in light of the additional duties and responsibilities of a “dealer,” Paragraph (B) also specifies a different time period in which the dealers must respond to the assessment or finding of the collector. Such a reading, which the Collector here urges, is both logical and reasonable, gives full effect to both paragraphs, and certainly leads to no absurd results. It is well-settled as a fundamental principle of statutory interpretation that “when a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.” La. Civ.Code art. 9; McLane Southern, Inc. v. Bridges, 11-1141, pp. 5-6 (La.1/24/12), 84 So.3d 479, 483.
In my view, the subject notices (the “second revised assessments”) issued by the Collector to these dealer defendants fully complied with the requirements of La.Rev.Stat. 47:337.51(A) and (B). As the majority finds, the notices advised the companies they had sixty days from the date of the notice to pay the amount of the assessment or pay the amount under protest, as required for every “taxpayer” including a “dealer.” The notices also complied with Paragraph B, in that they informed the defendant companies that pursuant to that paragraph, they had thirty days from receipt of the notice to file a written protest and request a hearing. The companies, however, did not respond within thirty days from the receipt of notice. Accordingly, I believe the trial court correctly found that these notices, specifically the second revised assessments, sufficiently ' complied with La.Rev.Stat. 47:337.51 (A) and (B), properly granted summary judgment in favor of the Collector declaring the . notices of assessment to be final and to establish liability for the tax assessed that may be collected either *1080 by distraint or through the judicial process. See La.Rev.Stat. 47:337.51(C). Therefore, the trial court correctly held |fithe Companies were precluded from attacking the notices of assessment. For these reasons, I would reverse the appellate court’s decision and reinstate the judgment of the trial court.