# STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

*PMc lny JEW*

*JEW*

## 2019 CA 1570

## DARRYL WAYNE JONES

## VERSUS

*WJL lny JEW* **STATE OF LOUISIANA**

Judgment Rendered:  **SEP** 1 8 2020

* * * * * *

On Appeal from the Twenty-Third Judicial District Court
In and for the Parish of Ascension
State of Louisiana

Docket No. 122,420

Honorable Thomas Kliebert, Jr., Judge Presiding

* * * * * *

Glen R. Petersen
Baton Rouge, Louisiana

Counsel for Plaintiff/Appellant
Darryl Wayne Jones


Ralph R. Alexis, III
Glenn B. Adams
New Orleans, Louisiana

Counsel for Defendant/Appellee
Ricky L. Babin, District Attorney


Jeff Landry
Louisiana Attorney General
and
Andrea Barient
J. Taylor Gray
Assistant Attorneys General
Baton Rouge, Louisiana

Counsel for Appellee
State of Louisiana

* * * * * *

**BEFORE: McCLENDON, WELCH, AND LANIER, JJ.**

**McCLENDON, J.**

In this appeal, the plaintiff challenges a judgment of the trial court that denied his claim for compensation for wrongful conviction and imprisonment. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

In May 2014, Darryl Jones and two co-defendants were tried by a jury and found guilty of second degree murder. The defendants all received life sentences. This court affirmed Mr. Jones's conviction and sentence. See **State v. Jones**, 15-0649 (La.App. 1 Cir. 7/7/16), 2016 WL 3655435 (unpublished opinion). However, the Louisiana Supreme Court reversed Mr. Jones's conviction and sentence, and a judgment of acquittal was entered in his favor. See **State v. Jones**, 16-1502 (La. 1/30/18), --- So.3d --- (2018 WL 618433) (per curiam).

Subsequently, on June 26, 2018, Mr. Jones filed a Petition for Damages for Wrongful Conviction and Imprisonment. The State of Louisiana, through the Attorney General, filed an opposition to the petition. The matter was set for trial on June 10, 2019. At the hearing, Mr. Jones testified and offered no other evidence. The State offered into evidence the record and proceedings from the underlying criminal trial, to which Mr. Jones objected as inadmissible hearsay. At the conclusion of the hearing, the trial court requested post-trial memoranda from the parties, after which it would consider the matter submitted. On August 26, 2019, the trial court rendered judgment in favor of the State and against Mr. Jones, dismissing his claims with prejudice. The judgment also overruled Mr. Jones's objection to his criminal trial proceedings being made a part of the record in this matter. Additionally, the trial court issued Reasons for Judgment on August 26, 2019.

Mr. Jones appealed. In his sole assignment of error, he asserts that the "trial court legally erred in considering the record of a previous criminal trial, which is inadmissible hearsay unless certain conditions are met." However, it is clear from Mr. Jones's appellate brief that he is also challenging the trial court's ruling dismissing his claim for damages.

2

## DISCUSSION

In 2005, the Louisiana Legislature enacted LSA-R.S. 15:572.8 to create an application process for those who were wrongfully convicted and imprisoned to obtain compensation upon proof of factual innocence.[1] **Burge v. State**, 10-2229 (La. 2/11/11), 54 So.3d 1110, 1112 (per curiam). Pursuant to LSA-R.S. 15:572.8, a former inmate who has served in whole or in part a sentence of imprisonment for which he was convicted is entitled to compensation provided that he proves that his conviction has been reversed or vacated and also proves by clear and convincing scientific or non-scientific evidence that he is "factually innocent" of the crime for which he was convicted. LSA-R.S. 15:572.8A. The statute defines "factual innocence" to mean that "the petitioner did not commit the crime for which he was convicted and incarcerated nor did he commit any crime based on the same set of facts used in his original conviction." LSA-R.S. 15:572.8B.

Additionally, the statute contains a liberal evidentiary provision, allowing the court to "consider any relevant evidence regardless of whether it was admissible in, or excluded from, the criminal trial in which the petitioner was convicted." LSA-R.S. 15:572.8D. **In re Williams**, 07-1380 (La.App. 1 Cir. 2/20/08), 984 So.2d 789, 792. The statute suggests a legislative intent that little limitation be placed on the introduction of evidence related in any way to the conviction and the proof of factual innocence. **In re Williams**, 984 So.2d at 793. The statute also specifically provides that this evidence can be scientific or non-scientific, indicative of a legislative intent that compensation be awarded in cases where factual innocence is established clearly and convincingly through such scientific evidence, such as DNA, that exonerates a person, or when another person has confessed to and subsequently been convicted of the crime at issue, and in all other cases when factual innocence is *otherwise* proven by clear and convincing evidence. **In re Williams**, 984 So.2d at 793-94. Based on the clear statutory language, the entirety of the evidence, whether admitted at the underlying trial or excluded, is properly considered in the determination of factual innocence.

---

[1] The statute was amended in 2007 to change the process to be utilized from an "application process" to a "petition process" and made clear that the Attorney General is the proper party defendant to poceed against contradictorily when filing the petition for compensation. **Burge**, 54 So.3d at 1112.

3

**State v. Ford**, 50,525 (La.App. 2 Cir. 5/18/16), 193 So.3d 1242, 1248-49, writ denied, 16-01159 (La. 10/10/16), 207 So.3d 405.

Moreover, the petitioner's burden of proof is very clearly provided for by statute. It is plainly evident that more is required to receive compensation than simply showing a conviction has been reversed. Implicit in the inclusion of petitioner's burden the requirement that he show that he is "factually innocent" is the intent of the legislature that not every matter in which post-conviction relief is granted will also be a matter in which compensation is awarded. **Burrell v. State**, 50,157 (La.App. 2 Cir. 1/13/16), 184 So.3d 246, 252-53, writ denied, 16-0523 (La. 5/2/16), 206 So.3d 879. A petitioner must also prove by clear and convincing evidence that he did not commit the crime or any other crime based on the same set of facts. **Burrell**, 184 So.3d at 252.

"Clear and convincing" evidence requires more than a "preponderance," but less than "beyond a reasonable doubt." Under the "clear and convincing" standard, the existence of the disputed fact must be highly probable or much more probable than its nonexistence. **In re L.M.M., Jr.**, 17-1988 (La. 6/27/18), --- So.3d ---, --- n.13 (2018 WL 3154776, at *12); **Burrell**, 184 So.3d at 253. The Louisiana Supreme Court has stated that "[a]ctual innocence also referred to as factual innocence is different than legal innocence. Actual innocence is not demonstrated merely by showing that there was insufficient evidence to prove guilt beyond a reasonable doubt." **State v. Pierre**, 13-0873 (La. 10/15/13), 125 So.3d 403, 409; **Burrell**, 184 So.3d at 253. In **Burrell**, our brethren in the second circuit stated that "[w]hile the standard for factual innocence remains vague, it is clear that a bona fide claim of actual innocence, as basis for post-conviction relief, must involve new, material, noncumulative, and conclusive evidence, which meets an extraordinarily high standard and undermines the prosecution's entire case." **Burrell**, 184 So.3d at 253. The supreme court has considered this other evidence to include trustworthy eyewitness accounts and critical physical evidence that would lead a reasonable person to believe it is highly probable that a petitioner is actually innocent. **Pierre**, 125 So.3d at 409; **Burrell**, 184 So.3d at 253.

In this matter, Mr. Jones attached to his petition the opinion of this court and of the supreme court, as well as letters from the State regarding the length of his incarceration.[2] See LSA-R.S. 15:572.8G. Thus, the proof offered by Williams that his conviction was reversed and that a judgment of acquittal was entered is proof of the first statutory requirement. The proof offered by Mr. Jones to prove the second statutory requirement, his factual innocence, was his testimony denying any involvement with the underlying crime. Mr. Jones contends that this unrefuted evidence was sufficient to establish his factual innocence. Mr. Jones testified that he was innocent of the crime for which he was convicted and of any other related crime, including accessory after the fact.

In response to Mr. Jones's testimony, the State offered into evidence the record of the criminal trial proceedings. Mr. Jones objected to the admission of the criminal record, arguing that it was inadmissible hearsay. The trial court gave the parties the opportunity to file post-trial memoranda on the issue and ultimately allowed the record to be admitted.

In its reasons for judgment, the trial court stated out that although LSA-15:572.8E provides that "the Louisiana rules of evidence shall apply," the statute provided exceptions to that rule when it included the language "unless otherwise provided herein." The trial court expressed that the statute makes it clear that "[t]he court may consider any relevant evidence." LSA-R.S. 15:572.8D. Further, with regard to LSA-R.S. 15:572.8F, the trial court stated that "[i]n fact, the Court finds that the Legislature invites the Court to consider the record of [the] criminal matter by mandating that a claimant's Petition for Damages pursuant to this Statute make '[s]pecific citations . . . to the existing record.'"[3] Consequently, the trial court concluded

---

[2] In his dissent to this court's opinion in the criminal matter, Judge Theriot stated that although Mr. Jones was not guilty as a principal to the murder, he was guilty of accessory after the fact; however, guilty of accessory after the fact was not a responsive verdict to the offense charged. See **State v. Jones**, 2016 WL 3655435 at *26. Further, the supreme court referred to Judge Theriot's dissent in its reversal of Mr. Jones's conviction. See **State v. Jones**, --- So.3d at --- (2018 WL 618433 at *2).

[3] Louisiana Revises Statutes 15:572.8F, regarding the requirements of a petitioner's petition, provides:

> The petition shall contain a recitation of facts necessary to an understanding of the petitioner's innocence that is supported by either the opinion or order vacating the conviction and sentence and/or by the existing court record of the case. Specific citations for each fact tending to show innocence shall be made to the existing record.

that the legislature intended for the underlying criminal record be made part of the current record.

We agree with the trial court. In **Burge**, the Louisiana Supreme Court pointed out the general rule of statutory construction that a specific statute controls over a broader more general statute. The supreme court also stated that LSA-R.S. 15:572.8 is *sui generis* and governs a unique situation. **Burge**, 54 So.3d at 1113. Further, as recognized by this court in **In re Williams**, 984 So.2d at 793, the statute provides a liberal evidentiary provision, with little limitation placed on evidence that is in any way related to the conviction and proof of factual innocence. Therefore, we find no legal error by the trial court in admitting into evidence Mr. Jones's criminal trial record.

After a thorough review of the record and having found the record of the criminal proceedings admissible, we find it is reasonable to conclude that Mr. Jones did not meet his burden of proof. Accordingly, we find no error in the trial court's conclusion that Mr. Jones failed to prove his factual innocence.

## CONCLUSION

Considering the above, we affirm the August 26, 2019 judgment of the trial court. All costs of this appeal are assessed to the plaintiff, Darryl Wayne Jones.

**AFFIRMED.**