STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0801

LOUISIANA BOARD OF ETHICS

VERSUS

DARYL G. PURPERA, IN HIS OFFICIAL CAPACITY AS
LEGISLATIVE AUDITOR FOR THE LOUISIANA LEGISLATIVE
AUDITOR'S OFFICE

Judgment Rendered:  **FEB 1 9 2021**

* * * * *

On Appeal from the
19th Judicial District Court
State of Louisiana, Parish of East Baton Rouge
Trial Court No. 695,186

The Honorable, William A. Morvant, Judge Presiding

* * * * *

| | |
|---|---|
| Kathleen M. Allen<br>Tracy M. Barker<br>Baton Rouge, Louisiana | Attorneys for Plaintiff-Appellee,<br>Louisiana Board of Ethics |
| Jenifer Schaye<br>Patrick Glenn Virgadamo<br>Angela M. Heath<br>Baton Rouge, Louisiana | Attorneys for Defendant-Appellant,<br>Daryl G. Purpera, in his Official<br>Capacity as Legislative Auditor |

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

Daryl J. Purpera, in his official capacity as the Louisiana Legislative Auditor ("Auditor"), appeals a judgment of the trial court that denied the Auditor access to statutorily privileged and confidential documents prepared and/or used by the Louisiana Board of Ethics ("Ethics Board") in connection with complaints and investigations involving alleged violations of the Ethics Code of Louisiana. We affirm.

## FACTS AND PROCEDURAL HISTORY

In June 2019, the Auditor commenced a performance audit of the Ethics Board, pursuant to La. R.S. 24:513(D)(4)(a), which provides that the Auditor "shall conduct performance audits . . . as are needed to enable the legislature and its committees to evaluate the efficiency, effectiveness, and operation of state programs and activities." The Auditor's stated objective of the performance audit is "to evaluate the [Ethics Board's] administration and enforcement of State Ethics, Campaign, Finance and Lobbying laws. The scope of [the Auditor's] audit is cases begun in calendar year 2013 through calendar year 2018." The Auditor requested copies of the Ethics Board's data systems related to various regulatory functions conducted by the Ethics Board, and indicated to the Ethics Board that all confidential data would be respected as specified in Louisiana Audit Law at La. R.S. 24:513(I).

The Ethics Board provided some of the documents, but then asked the Auditor to clarify, in writing, outstanding portions of the request. The Auditor clarified by email in March 2020, that they were seeking "full" and "unfettered" access to investigative case files, cases with fine waivers/suspensions, and executive meeting minutes for calendar years 2013 through 2018. The Auditor also requested that the Ethics Board create a privilege log for documents that may contain attorney-client privileged information. The Ethics Board agreed to provide the Auditor access to files containing a waiver or suspension of late fees as those files are public. The

2

Ethics Board also provided information as to the number of cases and resolution of those cases, along with interviews of its staff. However, the Ethics Board denied the request for specifics of investigative files and executive meeting minutes, based on the legislatively created statutory privilege contained in La. R.S. 42:1141.4(K). The Ethics Board asserted that the statutory privilege provides that documents obtained or prepared in connection with an investigation are not only confidential, but are also privileged. The Ethics Board further pointed to the criminal penalties imposed in La. R.S. 42:1141.4(L)(1) for anyone giving out information concerning an Ethics Board investigation.

The Ethics Board filed a petition for declaratory judgment, seeking direction from the trial court on whether they must provide statutorily privileged documents to the Auditor, and requesting an interpretation of La. R.S. 42:1141.4(K) of the Louisiana Code of Governmental Ethics ("Ethics Code"). The trial court conducted a hearing in June 2020, and ruled that the statutory privilege contained in the Ethics Code at La. R.S. 42:1141.4(K) denies the Auditor access to confidential and privileged documents connected to complaints and investigations of the Ethics Board. In oral reasons, the trial court noted that jurisprudence has held there is a difference between information that is protected by a known legal privilege and information that is confidential. The trial court also recognized that the Auditor must comply with "any and all restrictions imposed by law" pursuant to La. R.S. 24:513(I). The trial court signed a judgment in accordance with its ruling on June 25, 2020. The Auditor appealed the judgment in favor of the Ethics Board. The Auditor's sole assignment of error is that the trial court's ruling is an error of law that directly conflicts with jurisprudence.

**LAW AND ANALYSIS**

The purpose of the declaratory judgment procedure is to "settle and afford relief from uncertainty and insecurity with respect to rights, status, and other legal

3

relations." **Goodwin v. City of Mandeville**, 2018-1118 (La. App. 1st Cir. 5/31/19), 277 So.3d 822, 828, <u>writ denied</u>, 2019-01083 (La. 10/8/19), ___ So.3d ___, 2019 WL 5390746. Appellate courts review a trial court's decision to grant or deny a declaratory judgment under the abuse of discretion standard of review. **Id.** There must exist a concrete, justiciable controversy framing the facts in order to avoid the rendering of an advisory opinion. **Id.** The petitioner must have a legally protectable and tangible interest in the suit, and the dispute presented should be of sufficient immediacy and reality, in order to warrant the issuance of a declaratory judgment. **Id.** In this case, the Ethics Board's petition for declaratory judgment poses a legal question regarding whether they must provide statutorily privileged documents to the Auditor in a performance audit. The Auditor requested the documents connected with investigations, hearings, and minutes of the Ethics Board over a six-year period. The Ethics Board claims a statutory privilege prevents the sharing of the requested documents, with the risk of criminal penalties. A justiciable controversy exists.

The Office of the Legislative Auditor is established by the Louisiana Constitution. La. Const. art. III, § 11. The Auditor's authority to access, examine, and copy documents in the possession of an auditee are generally set forth in La. R.S. 24:513. The authority granted to the Auditor extends to all documents, "whether confidential or otherwise. However, [the Auditor] shall comply with any and all restrictions imposed by law on documents, data, or information deemed confidential by law and furnished to the legislative auditor." La. R.S. 24:513(I). Thus, the Auditor argues that it is statutorily obligated to protect any confidential information it receives from the Ethics Board, and the Auditor has complete and unfettered access to the documents of the Ethics Board, including privileged documents.

The Ethics Board contends that it is entitled to a statutory privilege as stated in La. R.S. 42:1141.4(K), which was enacted in 2012 and provides:

4

> The **records** of the [Ethics Board] **prepared or obtained in connection with investigations and private hearings** conducted by the [Ethics Board], **including all extracts of minutes** and votes to take any matter under consideration in connection therewith, **shall be deemed confidential and privileged**, except that such records shall be available to each member of the [Ethics Board] upon request. Except as provided in this Section and in R.S. 42:1111(E)(2)(c), all records, including the results and conclusions reached in connection with any investigation or hearing, shall be public. [Emphasis added.]

The Ethics Board also notes that, pursuant to La. R.S. 42:1141.4(L)(1), it is a crime for any person, other than the person who is subject to the investigation or complaint, to give out any information concerning a private investigation or private hearing of the Ethics Board without the written request of the person being investigated.

This court previously addressed the issue of privileged documents in the context of the Auditor's financial and compliance audit of the Louisiana Department of Insurance. See **Louisiana Dept. of Ins. ex. rel. Donelon v. Theriot**, 2010-0069 (La. App. 1st Cir. 5/3/11), 64 So.3d 854, 861, writ denied, 2011-1139 (La. 9/30/11), 71 So.3d 286. In **Donelon**, the Auditor argued that the requirement of La. R.S. 24:513 that the Auditor maintain confidentiality of any confidential documents received is sufficient to safeguard the privileges. We found that the legal requirement that the Auditor maintain confidentiality is sufficient to prevent access to documents pursuant to the Public Records Law, but that argument was not persuasive in the context of confidential communications that might be subject to an evidentiary privilege such as the attorney-client privilege and deliberative process privileges. **Id.** at 861-62. We also noted that a "privilege" constitutes a "restriction imposed by law." **Id.** at 861. We further observed that although the Auditor must maintain confidentiality, that does not answer the question of whether the Auditor has the right to receive the information in the first place. **Id.**

We conclude, as did the trial court, that the legislature never intended for the Auditor to have full access to statutorily privileged information obtained by the Ethics Board in its investigations and private hearings. If the legislature had

5

intended for privileged information to be included within the Auditor's broad authority to access documents and records, then the enabling statute for the Auditor's authority, La. R.S. 24:513(I), would have stated "confidential, privileged, or otherwise," and not just "confidential or otherwise." See **Donelon**, 64 So.3d at 862. When the legislature intends for privileged information to be overridden by statute, then the legislature makes sure that the statute clearly indicates that the privilege is trumped by the statute. **Id.** As we indicated in **Donelon**, there is no indication that the statute in question is specifically intended to supplant *any* statutory privilege. **Id.** Thus, the Auditor's broad access to the records of the Ethics Board is not without limitation.

We find further support for our holding in the fundamental rule of statutory construction that the more specific statute controls over a broader, more general statute. **Burge v. State**, 2010-2229 (La. 2/11/11), 54 So.3d 1110, 1113; **Jones v. Anderson**, 2016-1361 (La. App. 1st Cir. 6/29/17), 224 So.3d 413, 418. When two statutes deal with the same subject matter, if there is a conflict, the statute specifically directed to the matter at issue must prevail as an exception to the statute more general in character. **Burge**, 54 So.3d at 1113. The statutory privilege contained in La. R.S. 42:1141.4(K) specifically protects any document or record prepared or obtained in connection with investigations and hearings conducted by the Ethics Board, including all extracts of minutes and votes. The Ethics Code statute uses the words "shall," "deemed," "confidential," and "privileged." Those words must be given meaning. See **Barrilleaux v. NPC, Inc.**, 98-0728 (La. App. 1st Cir. 4/1/99), 730 So.2d 1062, 1065, writ denied, 99-1002 (La. 5/28/99), 743 So.2d 672 (the meaning of a statute is to be interpreted by looking to all the sections taken together so that no section, clause, sentence or word becomes superfluous or meaningless). Further, to emphasize the importance of the privilege in the Ethics Code, La. R.S. 42:1141.4(L)(1) specifically prohibits the Ethics Board or any person

6

from giving any information concerning a private investigation or hearing of the Ethics Board without the written request of the person under investigation. Thus, we conclude that the more general statutory provision providing broad authority to the Auditor in conducting audits is limited by law found in the specific statutory privilege given to the Ethics Board.

Additionally, we find that the Ethics Board has the right to challenge access to any documents that it believes it is not legally required to submit to the Auditor, as the administration and enforcement of the Ethics Code rests exclusively with the Ethics Board. See **In re Arnold**, 2007-2342 (La. App. 1st Cir. 5/23/08), 991 So.2d 531, 537. The Ethics Board filed a petition for declaratory judgment in an attempt to preserve the privileged documents that are in its possession. The Ethics Board is not trying to assert a privilege that belongs to a third party. For this reason, we distinguish **Louisiana State Board of Medical Examiners v. Purpera**, 2018-0483 (La. App. 1st Cir. 12/20/18) (unpublished), 2018 WL 6716926, *3 (where the plaintiff Board sought to assert a testimonial privilege that belonged to a patient and his health care provider while undergoing a performance audit by the Auditor). We find no error or abuse of discretion in the trial court's judgment denying the Auditor access to the privileged documents of the Ethics Board that were obtained and/or prepared in connection with investigations and hearings of the Ethics Board, including minutes of its executive sessions.

## CONCLUSION

For the stated reasons, we affirm the trial court's June 26, 2020 judgment in favor of the Louisiana Board of Ethics. Costs of this appeal in the amount of $749.50 are assessed to Daryl G. Purpera, in his official capacity as Legislative Auditor for the Louisiana Legislative Auditor's Office.

**AFFIRMED.**

7