STATE OF LOUISIANA     *     NO. 2024-KA-0244

VERSUS     *     COURT OF APPEAL

KENDALL GORDON     *     FOURTH CIRCUIT

    *     STATE OF LOUISIANA

    *

    *

    * * * * * * *

KKH

**HERMAN, J. DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority and would affirm the trial court's decision to deny Kendall Gordon's petition for wrongful conviction compensation.

In reviewing an application for compensation for wrongful conviction pursuant to La. R.S. 15:572.8, an appellate court "must afford great weight to the findings of the trier of fact and apply the manifest error standard." *State v. Ruano,* 2019-0709, p. 4 (La. App. 4 Cir. 3/4/19), 294 So.3d 44, 46 (citing *State v. Ford*, 50,525, p. 5 (La. App. 2 Cir. 5/18/16), 193 So.3d 1242, 124); *see also Ballard v. State,* 2024-0606, p. 19 (La. App. 4 Cir. 3/14/25), 414 So.3d 800, 810, *writ denied*, 2025-00450 (La. 6/3/25), 410 So.3d 789. In reviewing for manifest error, the appellate court's role "is not to decide whether [it] would have reached the same conclusion, but rather to determine whether the trial court's judgment was reasonable based on the record as a whole." *State v. Walter*, 2024-0420, p. 11 (La. App. 4 Cir. 4/29/25), 414 So.3d 1009, 1016–17 (citing *Ruano*, 2019-0709, p. 4, 294 So.3d at 46; *Ford*, 50,525, p. 8, 193 So.3d at 1248-49).

La. R.S. 15:572.8(A)(2) requires proof of factual innocence by clear and convincing evidence for the petitioner to be entitled to compensation. Therefore, to meet this burden of proof, Gordon had to show that it was "highly probable or much more probable than not" that he did not commit the crime for which he was

convicted nor any other crimes based upon the same set of facts. *Jones v. State*, 2022-01455, p. 6 (La. 5/5/23), 362 So.3d 341, 345; La. R.S. 15:572.8(B).

Moreover, this Court has acknowledged that implicit in the Legislature's inclusion of the factual innocence requirement is its intent that "compensation will not be awardable in every matter in which post-conviction relief has been granted." *Ruano*, 2019-0709 (La. App. 4 Cir. 3/4/19), 294 So.3d at 47 (citing *In re Williams*, 2007-1380, p. 5 (La. App. 1 Cir. 2/20/08), 984 So.2d 789, 793). I find that the record supports the trial court's conclusion to decline Gordon compensation under La. R.S. 15:572.8.

The DNA analysis expert, David Hansen, testified that he could not "outright exclu[de]" Gordon as a contributor to the DNA recovered from the firearm, the cartridges, the white tee-shirt collar, the armpit of the black tee-shirt, or the plastic glove. Thus, the DNA evidence did not exonerate Gordon as a perpetrator.

Additionally, while the majority states that it is "with near certainty" that Darceleen Commodore's initial identification of Gordon "was in error," we find that there are credibility issues regarding Darceleen's recantation. Hours after the crime, Darceleen described Gordon and identified him as one of the perpetrators via photographic lineup. She also knew Gordon from the neighborhood and had met him a few times prior to the incident. Subsequently Darceleen indicated that she had misidentified Gordon as perpetrator, however, she also testified that there were "threats from the street" regarding her identification of Gordon. Although Darceleen insisted that there were no direct threats made against her and that it did not affect her testimony, we cannot say that the trial court was unreasonable in concluding otherwise.[1]

---

[1] Notably, both the trial judge at the criminal trial and the trial judge at the compensation hearing apparently found Darceleen's recantation not credible.

Furthermore, the majority appears to question whether the trial court applied the appropriate standard of review because it failed to provide reasons for judgment. However, there is nothing in La. R.S. 15:572.8 that requires the trial court to provide reasons for judgment on an application for compensation for wrongful conviction. Moreover, the record shows that subsequent to receiving testimony and evidence on the petition for compensation, the trial court heard closing arguments and took the matter under advisement for several months prior to rendering its decision to decline compensation. The record thus suggests that the trial court reached its conclusion after due consideration.

Considering that the DNA test results did not outright eliminate Gordon; the credibility issues surrounding Darceleen's recantation; and the vast deference bestowed upon the trial court in findings of fact, I cannot find that the trial court was manifestly erroneous in concluding Gordon failed to establish he is factually innocent by clear and convincing evidence. I find that the trial court's decision was reasonable based on the record as a whole. Accordingly, I would affirm the trial court's judgment denying Gordon's petition for compensation.